Per Curiam.

We think that the exception to the jurisdiction of the justice is well taken. The statute from which he derives his authority applies only to cases in which the parties act in their own right, and not to eases in which they appear in auter droit. This is to be collected from the general tenor of the statute, and the provisions contained in it. All its process and the judgments. to be given under it, are founded on the idea of personal responsibility. Thus *274 the defendant1 may■ he arrested by warrant, without any exception as to the character or capacity in which he may be sued; the judgment to be given operates against him in his own right; the execution is to be issued against his person, or his individual property, and every proceeding contemplates the subject of the suit as a demand against him in his private capacity. The justice cannot try the plea of plene administrar it, without entering into the whole of the executor’s administration, and of course deciding on questions of property to a much greater amount than could be intended to be submitted to him.. The executor cannot plead outstanding debts without being exposed to equal difficulties. No judgment can be rendered for assets in futuro, nor against the property of his testator. In short, all the rights of ah executor at common law would be invaded, if subject to' the proceedings under this statute.
Similar objections and difficulties -occur in the case of an , ■ executor-plaintiff. When a non-resident, he is not [*229] *entitled to the benefit of a warrant, without giving ‘security as other persons, to pay the debt or damages, and costs, in case judgment be given against him. The defendant may have demands against his testator, which he would be bound to set off in the action, and a balance might thus - be found against the executor, and he would be liable to judgment and execution against him in his private capa- ■ city, in; the same manner as if he was "defendant. By the statute, each party is obliged to plead and . set off any demand he may have against the other, and the proceedings before the justices are, in this respect, in the nature of cross actions, An executor, therefore, when a plaintiff, is liable to the same difficulties, and although in the progress of a suit they may not occur frequently, it is no answer to the argument against the authority of the- justice. If a court has. not power to do complete justice between parties, in every shape in which, their, rights may be presented, it ought not to interfere.'
It is true,' that executors and administrators are incidentally named in the statute, for the purpose of exempting them, when plaintiffs, from the payment of costs, from which it has *275 been inferred, that the legislature intended that they should be subject to the jurisdiction of justices. But no such power is directly given, and no inferior court can assume jurisdic-. tion by inference or implication.
On the whole, we are of opinion, that the justice had no jurisdiction, and that the judgment, for this reason, ought to be reversed.(a)
Judgment reversed.

 May v. Carey, v. Administrator, &c. 1 Caines’ R. 191. Coffin, Etx'r, v. Tracy, 3 Caines’ R. 129. But by 2 R. S. 159, § 5, actions cognizable before a -justice may be brought by executors and administrators, though an executor or administrator-cannot be sued as such. Se,e 1 Coweb’s Treatise, 2d ed. 29.