NEW-YORK,
Oct. 1815.

EDWARDS
v.
ELBERT.

Judgment affirmed.(a)

---

## EDWARDS AND WIFE *against* ELBERT.

The assistant justice's court of the city of *New-York* has no jurisdiction of actions for *malicious prosecutions.*

IN ERROR, on *certiorari* to a justice's court of the city of *New-York.*

*Sally Elbert* sued the plaintiffs in error, before one of the assistant justices, in and for the city of *New-York,* and declared, for that the wife of *Edwards* maliciously preferred a charge against her before the special justices of *New-York,* for having assaulted and beaten her, whereby she was compelled to procure bail for her appearance, and thereby was put to expense in defending herself against the charge.

There was a jury trial, and a verdict for the plaintiff below for 16 dollars and 75 cents, and judgment therefor, and 7 dollars and 93 cents costs.

It was objected, among other things, at the trial, and the same objection was raised for the consideration of this court, that the justice had no jurisdiction of the cause.

*Per Curiam.* The case of *Main* v. *Prosser* (1 *Johns. Cas.* 130.) decides this question. It was there held, that justices of the peace had no jurisdiction of actions for malicious prosecutions. The grounds of that opinion appear to be twofold : 1st. That the nature of the action involved delicate and important

questions affecting the administration of public justice, and frequently relating to proceedings in other courts, and might incidentally produce a review of the conduct of superior tribunals. 2d. That the act concerning costs gave costs, whenever the plaintiff recovered in an action for malicious prosecution, however small the recovery; from which circumstance it was inferred, that the legislature had this exception in view. In the *twenty-five dollar act*, which was in force when this decision was made, the expressions were as broad as they are in the act giving the justices' courts, in the city of *New-York*, jurisdiction of causes. Both acts gave them jurisdiction of all actions of trespass on the case; and the general statute relative to costs, gives costs now, in actions for malicious prosecutions, wherever there is a recovery of damages, in any court of common pleas, or mayor's court, though the sum recovered be under 25 dollars.

The act conferring jurisdiction on the assistant justices in the city of *New-York*, being posterior to this decision, it is a fair inference, that, in specifying actions of trespass on the case, the legislature did not intend to embrace actions for malicious prosecutions; for these expressions had received a judicial construction, excluding the action for a malicious prosecution; and, therefore, it was not necessary to except that action from the cognizance of the assistant justices, because it had been excepted by construction. In many other instances, this court have implied exceptions in the general grant of power to justices. (1 *Caines' Rep.* 191. 594.; 3 *Caines' Rep.* 129.; and 1 *Johns. Cas.* 228.)

Judgment reversed.