Rice *v.* Platt.

---

### RICE *vs.* PLATT.

The marine court of the city of New-York has no jurisdiction of an action for an illegal arrest on pretence of void process, though charged to have been made maliciously.

The provision of the revised statutes (2 *R. S.* 553, § 16) allowing case to be brought as a concurrent remedy with trespass for injuries to the person, does not authorize a justice's court to take cognizance of an action on the case for an illegal imprisonment.

ERROR from the superior court of the city of New-York, to review a judgment reversing one rendered by the marine court. Rice, the plaintiff in the marine court, declared against Platt " in

a plea of trespass on the case," setting forth that the defendant, on the 12th day of April, 1844, caused to be issued out of the court of common pleas of the city of New-York, a precept against the plaintiff, requiring the sheriff to commit him to prison until he should pay seven dollars for the costs of opposing a motion made by the plaintiff in the common pleas, in a suit against one Blakely, which motion had been denied with costs; by virtue of which precept the sheriff on the same day arrested the plaintiff and committed him to prison, where he was detained until discharged by an order of the court of common pleas. The precept, which was set out, was returnable on the third Monday of January, 1844. The declaration averred that the seven dollars costs had been paid before the precept was issued, which the defendant when he issued it well knew, and that he caused the arrest to be made with the malicious design of oppressing and injuring the plaintiff. Not guilty was pleaded, and the cause was tried by jury, who rendered a verdict for the plaintiff, upon which the court gave judgment. The issuing of the process by the defendant, as attorney of Blakely in the suit in the common pleas, as set out in the declaration, and the arrest of the plaintiff, together with the fact that the common pleas suit had been settled, and that the parties had executed mutual releases before the issuing of the precept, and that these facts were known to the defendant, were proved on the trial. The superior court reversed the judgment of the marine court, upon which the plaintiff brought error here.

*J. L. White,* for the plaintiff in error, insisted that the action was for an assault and false imprisonment, and as it was not committed "on the high seas or in a foreign port," the marine court had no jurisdiction, it being provided in terms that "the authority of the court shall not extend" to such actions, unless the cause of action arose upon the high seas, &c. (2 *R. L.* 382, § 106.) The declaration was for an illegal arrest, a simple trespass upon the person. The process was merely void, the return day having passed before it was placed in the hands of the sheriff.

Rice v. Platt.

*G. W. Niles,* for the defendant in error, maintained that the action was case for a malicious arrest, and not a prosecution for assault and battery or false imprisonment; and as the marine court had, by the statute referred to, jurisdiction of actions of trespass on the case, there was no defect of jurisdiction in the marine court. He referred to 3 *Bl. Com.* 126, *Chitty's note* 21, to shew that the essential requisites of an action for a malicious arrest were set out in the declaration; and to *Morris* v. *Scott,* (21 *Wend.* 281,) to prove that the action would lie though the process by which the arrest was made was void.

*By the Court,* JEWETT, J. I am of opinion that the judgment of the superior court ought to be affirmed. The marine court has no jurisdiction of the subject matter of this suit. It is true, that in form this action is in trespass on the case, yet the ground and cause of it is an assault and false imprisonment. The statute (2 *R. L.* 382, § 106) provides that the marine court shall have jurisdiction of actions upon the case; but a subsequent part of the section declares that its authority shall not extend to actions of assault and battery or false imprisonment, other than those committed on the high seas or in a foreign port.

It is supposed by the counsel for the plaintiff, that an action on the case, without the aid of the statute, (2 *R. S.* 553, § 16,) lies for the injury complained of, and he insists that the case of *Morris* v. *Scott,* (21 *Wend.* 281,) is an authority in point to sustain that position. That case decides no principle involved in this. All that is there decided is, that an action on the case lies for a *malicious prosecution,* although the court in which such prosecution was instituted had no jurisdiction, provided the malice and falsehood be put forward as the *gravamen,* and the arrest or other act of trespass be claimed as the consequence.

In this case the defendant committed an act of trespass *vi et armis* upon the person of the plaintiff. The injury, whatever it was, was immediate, and not a consequence of any other act of the defendant; and at common law case would not lie. (1 *Chit. Pl.* 127; *Blin* v. *Campbell,* 14 *John.* 433.)

It is undoubtedly true, that by virtue of the provisions of the

statute above referred to, the injured party has his election to bring case or trespass for such an injury to his person ; but I do not think by electing to bring case, for an assault and battery or false imprisonment, that jurisdiction is conferred on a justice's court to try the action. It is still an action of assault and battery and false imprisonment, of which no justice of the peace has cognizance.(a)

The judgment must be affirmed.

(a) See *Shorke* v. *Charles*, (18 *Wend.* 616.) Prior to 1801, the acts conferring civil jurisdiction upon justices of the peace did not except the action for malicious prosecution. This court, however, held in *Main* v. *Prosser*, (1 *John. Cas.* 130,) that an exception of that action was implied from the subordinate character of the court ; and in *Edwards* v. *Elbert*, (12 *John.* 466,) a like exception was implied in respect to the assistant justices' courts of the city of New-York. The revised act of 1801, and all the subsequent acts conferring civil jurisdiction upon justices' courts, in terms contain an express exception.