### GIESENER v. HEALY.

(Supreme Court, Appellate Term, First Department.   June 3, 1914.)

1. MALICIOUS PROSECUTION (§ 21*)—WANT OF PROBABLE CAUSE.

   Where defendant, after a thorough investigation which verified numerous reports that plaintiff was issuing circulars charging him with grafting, instituted criminal proceedings against plaintiff upon advice of competent counsel that it was his duty to prosecute, there was no lack of probable cause, entitling plaintiff, upon failure of the grand jury to indict, to maintain an action for malicious prosecution.

   [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 40–44; Dec. Dig. § 21.*]

2. MALICIOUS PROSECUTION (§ 24*)—PROBABLE CAUSE—PRIMA FACIE PROOF.

   Where defendant attempted to institute proceedings against plaintiff for criminal libel, the act of the city magistrate in holding plaintiff after examination is prima facie proof of probable cause.

   [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 49–55; Dec. Dig. § 24.*]

Appeal from City Court of New York, Trial Term.

Action by William Giesener against Timothy Healy. From a judgment for plaintiff, defendant appeals. Judgment reversed, and complaint dismissed.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Jeremiah J. Coughlan, of New York City, for appellant.

S. Earl Levene, of New York City, for respondent.

GUY, J. This action was brought to recover damages for malicious prosecution and false imprisonment.

Defendant was the international president of the Firemen's Union. In December, 1911, during an election in Local Union No. 56, a circular was printed and signed anonymously by several members of Local Union 56 charging defendant and another officer of the union with being grafters. The circular was grossly libelous; an investigation was ordered, and from 20 to 25 members of the union informed defendant that plaintiff had handed them the libelous circulars. Defendant also traced plaintiff's responsibility through the printer who printed the circulars. Upon this information, defendant prosecuted plaintiff for criminal libel. Plaintiff was held by a city magistrate, but was not indicted by the grand jury.

On the trial, five disinterested members of the union, Christopher Hurley, Michael Cox, John E. Kennedy, Thomas Flynn, and Matthew McKinley, testified that they either received prints of the libelous circular from plaintiff, or else that they saw plaintiff hand prints of it to other members of the union. This was denied by plaintiff.

[1] The evidence shows that defendant did not make complaint against plaintiff until after he had made a thorough and careful investigation of the reports that had been made to him as president, by a large number of members of the union, that plaintiff was circulating libelous matter concerning him and another officer, and after he had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sought and received the advice of competent counsel that it was his duty to prosecute. In the light of these facts, conclusively established by the weight of evidence, it cannot be held that there was want of probable cause, which is essential to the maintenance of plaintiff's cause of action. Rawson v. Leggett, 184 N. Y. 504, 509–512, 77 N. E. 662; Willard v. Holmes, Booth & Haydens, 142 N. Y. 492, 502–505, 37 N. E. 480; Hobson v. Koch, 115 App. Div. 299, 302, 303, 100 N. Y. Supp. 893; Freer v. Schmitt, 116 App. Div. 462, 467, 468, 101 N. Y. Supp. 737; Schmidt v. Medical Soc'y, 142 App. Div. 635, 638, 639, 127 N. Y. Supp. 365; Giorgio v. Batterman, 134 App. Div. 139, 140, 118 N. Y. Supp. 828; Shappee v. Curtis, 142 App. Div. 155, 158, 127 N. Y. Supp. 33; McCarthy v. Barrett, 144 App. Div. 727, 729–732, 129 N. Y. Supp. 705; Davenport v. N. Y. C. & H. R. R. Co., 149 App. Div. 432, 436, 134 N. Y. Supp. 458; Galley v. Brennan, 156 App. Div. 443, 445, 446, 141 N. Y. Supp. 991.

[2] The holding of plaintiff, after an examination by a city magistrate, was prima facie proof of probable cause. Schultz v. Greenwood Cemetery, 190 N. Y. 276, 280, 281, 83 N. E. 41; Crescent Live Stock Co. v. Butchers' Union, 120 U. S. 141, 149–151, 7 Sup. Ct. 472, 30 L. Ed. 614; Burt v. Smith, 181 N. Y. 1, 5, 6–8, 73 N. E. 495, 2 Ann. Cas. 576.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.