HOMER E. WEIDLICH, Plaintiff, *v.* HELEN V. WEIDLICH, Defendant.

Supreme Court, Trial Term, New York County, October 11, 1941.

*Clifton F. Weidlich* [*R. E. Connelley* of counsel], for the plaintiff.

*Mc Namara & Seymour* [ *U. S. Grant* of counsel], for the defendant.

EDER, J.   Action to recover damages for malicious prosecution of an action for absolute divorce instituted by a wife against her husband in the State of Nevada and in which action she obtained a decree by default, the husband (plaintiff) being personally served with process without the State but neither appearing in nor defending the suit.   The basis of plaintiff's cause of action is that the defendant (his wife) acquired a colorable residence in Nevada for the purpose of instituting and prosecuting the suit, she being in truth a resident of Connecticut; that she maliciously and without probable cause to believe it would prevail legally, brought such suit in a court lacking in jurisdiction.

The plaintiff and defendant were married in this State on June 30, 1937; they established their home in Connecticut and lived together there until June 18, 1938, when they separated, a condition created and caused, so defendant alleges, by plaintiff's ill-treatment of her, consisting of cruelty, following which she brought suit for divorce in Nevada.

Prior to the commencement of this action plaintiff obtained a declaratory judgment in the Superior Court of Connecticut in an action brought to determine his marital status and to adjudge void the Nevada decree and therein it was found that defendant's residence in Nevada was merely a colorable one for the sole purpose of securing a divorce and that she was not a domiciled resident of that State at the time of the commencement of the action or the rendition of the judgment therein.   In that action he was awarded costs and disbursements against the defendant in the sum of $53.32, which remain unpaid.

This action is a novel one in its aspect of a husband suing his wife for damages for malicious prosecution in instituting and prosecuting a divorce suit against him.

The plaintiff predicates his right to maintain this action on the fact that the cause of action herein is permitted by the law of

Connecticut; that at the time it arose he was a resident of that State; that the cause of action arose there and hence he was vested by the statute of that State with authority to sue thereunder, and reliance is placed on section 6148 of the General Statutes of Connecticut (Revision of 1918), reading as follows: " Treble damages for vexatious suit. If any person shall commence and prosecute any suit or complaint against another, in his own name, or the name of others, without probable cause, and with a malicious intent unjustly to vex and trouble him, he shall pay him treble damages." (Now General Stat. of Conn. [Revision of 1930], § 6000.)

This enactment, it will be observed, does not expressly authorize a suit for damages for a tortious act committed by one spouse against the other; its language is general, employing the phrase " any person;" but from the fact that the Connecticut Supreme Court has held that an action will lie by a wife against her husband to recover for personal injuries resulting from his negligence (*Bushnell* v. *Bushnell*, 103 Conn. 583; 131 A. 432), it may be inferred that an action by a husband against his wife for malicious prosecution will lie as one to recover damages for a personal injury.

In this State it was heretofore held that " Each spouse is disabled under our law from maintaining an action against the other for personal injuries " (*Mertz* v. *Mertz*, 271 N. Y. 466, 469 [1936]), but this disability is now removed by section 57 of the Domestic Relations Law (Laws of 1937, chap. 669, § 1, in effect Sept. 1, 1937), entitled " Right of action by or against married woman, and by husband or wife against the other, for torts," the pertinent portion thereof providing: " A married woman  *  *  *  is liable to her husband for her wrongful or tortious acts resulting in any such personal injury to her husband or to his property, as if they were unmarried."

It is the generally accepted rule, says the court in *Loucks* v. *Standard Oil Co.* (224 N. Y. 99 [1918]), that " A tort committed in one State creates a right of action that may be sued upon in another unless public policy forbids " (p. 106). In the *Mertz* case the court affirmed a judgment in favor of the defendant dismissing the complaint in an action by a wife against her husband to recover damages for personal injuries alleged to have been sustained by her while in the State of Connecticut through the negligent operation by her husband of an automobile, notwithstanding that under the law of Connecticut such an action could be maintained in that State, the court distinguishing the *Loucks* case and holding that the maintenance of an action by one spouse against the other for personal injuries was contrary to the public policy of this State.

Section 57 of the Domestic Relations Law is declaratory of a new rule and policy in this State and it is my opinion the mentioned disability heretofore existing is now removed and that an action such as this is now maintainable here for the statute places no limitation upon the nature of the action.

The answer of the defendant denies the material allegations of the complaint and by way of defense avers that the defendant in acquiring domicile and residence in Nevada and in bringing and prosecuting suit there did so in good faith and in the honest belief that probable cause therefor existed; that she consulted her Connecticut attorney with respect thereto and was advised by him to consult an attorney in Nevada; that she proceeded to Nevada and upon her arrival in Reno she immediately consulted with a Nevada attorney, made a full and true disclosure to him of the facts and asked his advice as to her ability to acquire legal residence there for the purpose of instituting said divorce suit and as to her legal right to institute and prosecute the same; that he advised her that she had such right and legal cause to sue for divorce under the laws of that State, and in reliance thereon and in the honest belief that the advice which she received was correct she acquired such domicile and residence and instituted and prosecuted such suit to final judgment; that the foregoing constitutes a complete defense to this action under the law of Connecticut and under the law of Nevada. She also counterclaimed to recover of plaintiff the sum of $300 previously loaned to him and which loan remained unpaid.

If I correctly comprehend plaintiff's theory it is that the cause of action is shown by either one or both of the following elements: (1) That defendant knowingly acquired a fictitious domicile and residence in Nevada in order to falsely vest the court there with a jurisdictional prerequisite which it did not and could not in truth and law possess, and (2) that the suit was instituted maliciously and without probable cause.

An action for malicious prosecution is one of tort and is transitory in character (*Missouri, K. & T. R. Co.* v. *Craddock*, [Tex. Civ.] 174 S. W. 965, 966) and it may be maintained here in the absence of statutory inhibition or a public policy forbidding it. (*Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152, 155; *Ferguson* v. *Harder*, 141 Misc. 466, 469.) In the *Mertz* case the court said (p. 473): " Where a party seeks in this State enforcement of a cause of action created by foreign law, he can avail himself only of the remedies provided by our law, and is subject to the general limitations which are part of our law."

" To sustain an action for a malicious prosecution, the plaintiff must show that the prosecution originated in the malice of the defendant, without probable cause. Proof of express malice is not enough, without showing also the want of probable cause." (*Hall* v. *Suydam*, 6 Barb. 83, 86.) Concurrence of malice and want of probable cause is indispensable; the rule in Connecticut, Nevada and in New York is the same. (*Stone* v. *Stevens*, 12 Conn. 219, 229; *Thompson* v. *Beacon Valley Rubber Co.*, 56 id. 493; 16 A. 554; *Ricord* v. *Central Pacific R. R. Co.*, 15 Nev. 167, 179; *Burt* v. *Smith*, 181 N. Y. 1.) In the *Thompson* case the court said (p. 496): " Want of probable cause and malice, combined, are essential." In the *Burt* case the court enunciated the rule as follows (p. 5): " While malice is the root of the action, malice alone even when extreme, is not enough, for want of probable cause must also be shown."

That suit was maliciously begun and prosecuted without probable cause is not shown merely by the fact that defendant proceeded to Nevada for the purpose of there acquiring a fictitious domicile and residence to enable her to meet a jurisdictional prerequisite necessary to vest the court with jurisdiction to entertain the suit. The declaration of the Superior Court of Connecticut that such residence was colorable and was acquired by her for that purpose is conclusive here. One may nevertheless establish a colorable domicile and residence to vest jurisdiction in a court without being actuated at all by a malevolent design but solely to enable a well-founded action to be brought.

If, however, such an act is in fact done maliciously, with a sinister purpose, solely to enable a baseless suit to be instituted and prosecuted and which is not founded on probable cause, as a step in a means to an end, to thereby vest a court with jurisdiction to entertain a groundless suit, without which jurisdictional prerequisite such unfounded action could not be entertained, *i. e.*, as an element united with the institution and prosecution of such an action, the fusion of those elements may properly form the basis of an action on the case for malicious prosecution. But severed from and unconnected with the elements of malice and want of probable cause the institution and prosecution of a suit by means of jurisdiction improperly acquired do not of themselves give rise to a cause of action for malicious prosecution even though the suitor complies with jurisdictional prerequisites by means of false proof. It is to be observed that the declaration of the Superior Court did not involve the *bona fides* of defendant's cause of action for divorce or in any manner decide whether it was founded in malice or was wanting in probable cause.

Reverting to the law of Connecticut, *Stone* v. *Stevens* (*supra*) was an action on the case for a malicious prosecution before a court not having jurisdiction and it was there held that such an action may be maintained, if the proceedings are malicious, without probable cause, and productive of legal damage to the party proceeded against. The court said (p. 225): " An action on the case for a malicious prosecution, may be maintained, where the court has no jurisdiction, if the proceedings are malicious and unfounded, and without probable cause, and occasion legal damage to the party accused."

Like view has been expressed in this State. (*Morris* v. *Scott*, 21 Wend. 280, 281; *Rice* v. *Platt*, 3 Den. 81, 83; *Dennis* v. *Ryan*, 65 N. Y. 385, 389.) In the *Morris* case it was held that an action on the case for a malicious prosecution will lie against one who falsely and maliciously prosecutes another, although the court in which such prosecution was had was wholly devoid of jurisdiction in the matter and that it is not necessary in the action for malicious prosecution to aver or prove that the court in which the proceeding was instituted and prosecuted had jurisdiction, the court saying (p. 282): " But taking the authorities together, they give a decided countenance to an action on the case, though there may be a total want of jurisdiction, provided the *malice* and *falsehood* be put forward as the *gravamen*, and the arrest or other act of trespass be claimed as the consequence."

The *Rice* case affirms this view (p. 83). In the *Dennis* case the court said (p. 389): " A case has arisen in our own courts in which a party falsely and maliciously prosecuted another for a crime, before a court having no jurisdiction of the offense, and he was held liable in an action for malicious prosecution, upon the ground that falsehood and malice united was the *gravamen* of the action; that ' the sting of all this kind of actions is malice and falsehood and the injury resulting therefrom.' (*Morris* v. *Scott*, 21 Wend. 281.) "

It seems clear from these rulings that lack of jurisdiction of the court in which a suit is instituted and prosecuted, in and of itself cannot, perforce this element alone, and divorced from the element of probable cause, give rise to a cause of action for malicious prosecution; if probable cause to institute and prosecute the suit existed, it suffices to defeat an action for a malicious prosecution regardless of the fact that the court in which it was commenced lacked jurisdiction. " The question of probable cause," says the court in *Wills* v. *Noyes* (29 Mass. 324, 326), " applies to the nature of the suit, and the defendant's knowledge and belief, and the point of inquiry is, whether he had probable cause to maintain the particular

suit, upon the existing facts known to him." It has no relation to the matter of jurisdiction, which involves a question of law.

So here, if the defendant believed, in good faith, after obtaining legal advice that she could become legally domiciled and resident in Nevada and possessed legal ground and probable cause to institute suit for divorce against the plaintiff under the laws of that State, and relied thereon and was induced to act upon such belief, she is immune to an action for a malicious prosecution. Such is the claim and defense here and necessarily introduces a question of fact. In the *Hall* case the court said (p. 88): " If a party lays the facts of his case fully and fairly before counsel, and acts in good faith, upon the opinion given him by such counsel, (however erroneous that opinion may be,) it is sufficient evidence of a probable cause, and is a good defense to an action for a malicious prosecution, or for a malicious arrest." (See, also, *Rawson* v. *Leggett*, 184 N. Y. 504, 512; *Giesener* v. *Healy*, 86 Misc. 16; *Laird* v. *Taylor*, 66 Barb. 139, 143.) Such is also the law of Connecticut (*Stone* v. *Stevens, supra; Brodrib* v. *Doberstein*, 107 Conn. 294, 296; 140 A. 483) and of Nevada (*Anderson* v. *Snell*, 57 Nev. 83; 62 P. [2d] 703).

Defendant's Nevada attorney testified, by deposition, that prior to the institution of the divorce suit she consulted him regarding her marital difficulties with plaintiff and sought his professional advice as to her right to acquire domicile and residence in that State to enable her to institute and prosecute the divorce action and as to whether she had legal grounds to sue for divorce under the law of that State and that he advised that she could acquire such legal domicile and residence and that she had legal grounds to sue for divorce and that following such consultation and advice she acquired such domicile and residence and instituted and prosecuted such suit against the plaintiff. Her Connecticut attorney testified that prior to her going to Nevada she consulted him with respect to such matters and that he advised her to consult with a Nevada attorney, which, as stated, she did; he also proved by his testimony that it is the law of the State of Connecticut that in an action for malicious prosecution it is a complete defense that the defendant in such action acted upon the advice of counsel after full disclosure to counsel of the facts, in instituting and prosecuting the action that is made the basis of an action for malicious prosecution. Her Nevada attorney deposed that such is also the law in Nevada.

Upon the evidence introduced, and after hearing and observing the witnesses, it is my conclusion and I find it to be the fact that the defendant in instituting and prosecuting the divorce suit in

Nevada acted in good faith and in honest reliance and belief, after obtaining legal advice that she had sufficient legal ground to institute suit against plaintiff for divorce under the law of that State, that it was not actuated by malice, and was brought in the honest belief that she had probable cause therefor.

Judgment is accordingly rendered in favor of the defendant dismissing the complaint upon the merits. As respects the counterclaim, defendant is entitled to recover thereon but the plaintiff is allowed a setoff in said sum of $53.32, with appropriate interest and judgment is awarded to defendant and against the plaintiff in the sum of $246.68 with interest on the sum of $300 from August 2, 1938.

In this case a jury was waived and it was stipulated that findings of fact and conclusions of law be waived.

Appropriate exceptions to plaintiff. Thirty days' stay; sixty days to make a case.