# ROMAN ZITKOV vs. ALEX ZALESKI.

First Judicial District, Hartford, March Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Proposed corrections of, or additions to, a finding made upon conflicting evidence, will not be granted.

Unless the memorandum of decision is made a part of the finding, conclusions of the trial court expressed therein are not reviewable.

In an action for malicious prosecution, the plaintiff must prove that the defendant acted without probable cause and with malice.

Probable cause exists whenever the surrounding circumstances are such as to justify a reasonable belief—as distinguished from mere suspicion or conjecture—in the guilt of the accused.

Malice may be express, i.e., established as a fact by positive evidence, or it may be implied by rebuttable presumption from want of probable cause.

The trial court's conclusion that the defendant, without probable cause, had the plaintiff arrested and charged with theft, was supported by the subordinate findings to the effect that the defendant acted upon mere unverified, hearsay information that the plaintiff had been seen taking certain building materials from the defendant's premises, whereas the defendant had ample reason to believe that the materials in fact belonged to the plaintiff and that he was lawfully removing them after completing certain work which he had been employed to do as a carpenter.

The trial court's conclusion that the plaintiff had established express malice, was justified by the facts that the defendant's feelings toward the plaintiff had been greatly embittered by a dispute concerning the amount of the plaintiff's bill, and that the defendant subjected the plaintiff to unusual humiliation and annoyance by causing him to be arrested at his home on Sunday while he was entertaining a group of friends.

The trial court awarded the plaintiff $200 damages, although the only specific item proven was an expenditure of $65 in defending the criminal prosecution. *Held* that the judgment was proper, since the plaintiff was entitled to some compensation for the injury to his reputation; and, express malice having been found, punitive damages were also allowable.

Argued March 4th—decided April 22d, 1925.

ACTION to recover damages for alleged malicious prosecution, brought to the Court of Common Pleas in Hartford County and tried to the court, *Dickenson, J.;* judgment rendered for the plaintiff for $200, and appeal by the defendant. *No error.*

The complaint alleges that in January, 1924, the defendant stated to a grand juror of the town of Windsor, that the plaintiff had committed the crime of theft, and procured an information for theft by the plaintiff of building materials belonging to the defendant; that the plaintiff was arrested on this charge, tried before a justice of the peace, before whom defendant appeared and charged the plaintiff with having committed the crime whereof he was accused and that plaintiff was acquitted. These facts are admitted in the answer. The complaint further alleges that the charge was in fact false, was made without probable cause and from motives of malice; also that by reason of this prosecution the plaintiff had been injured in reputation and subjected to an expense of $50 in making defense. These latter facts are put in issue by the answer. The trial court found that plaintiff, a carpenter, was employed by defendant to do the finishing work upon a house in course of erection by the latter, using materials furnished him by defendant. Peter Gorski assisted plaintiff in the work. When Zitkov and Gorski entered upon the defendant's property to complete the house, there were building materials lying about consisting of pieces of lumber and planks and finishing materials of various sizes and dimensions left over by the previous parties who had been constructing the house, the property of defendant. The defendant furnished the materials necessary for finishing the house with the exception of a small amount of material furnished by the plaintiff for which

he was paid by the defendant. The plaintiff and Gorski furnished the carpentry work in question for the defendant. The plaintiff was building himself another house in Windsor in the neighborhood of the defendant's house at about the time he was working upon the defendant's house. The plaintiff's bill for this work amounted to $678.60. The defendant claimed that the bill for the work should not have been over $200, and refused to pay it.

The plaintiff then caused to be filed in the Windsor land records, a mechanic's lien on the property belonging to the defendant, on which the plaintiff did the work, in the amount of $678.60, which lien was dated December 3d, 1923. The filing of this lien prevented the defendant from procuring a mortgage on the property until the lien was released of record. This fact was the cause of bitter feeling on the part of the defendant toward the plaintiff. The defendant finally agreed to pay the plaintiff $600 and the plaintiff then released the lien, thus enabling defendant to procure a first mortgage. Two planks, 2x9x14, furnished by the plaintiff and used by the plaintiff as staging on the job, remained on the defendant's property after the work was completed. After the defendant obtained his mortgage, he requested Gorski to notify Zitkov to remove the two planks, which message Gorski delivered to the plaintiff. The plaintiff and Gorski removed the planks.

Anna Marcniak and Anthony Stankevich, two of the witnesses for the defendant, informed the defendant that they had seen the plaintiff and Gorski removing two planks. The planks these witnesses saw removed were the two planks belonging to the plaintiff. Azzian, painting the defendant's house after the plaintiff had completed the finishing work, reported to the defendant that he saw the plaintiff and Gorski remove

finishing lumber. The plaintiff and Gorski had at about this time removed certain sawhorses, miterboxes and tools belonging to them. The plaintiff removed no material belonging to the defendant. The defendant, although he had notified the plaintiff to remove the planks, made no inquiries of the plaintiff to ascertain whether or not the material which was reported to him to have been removed by plaintiff belonged to the plaintiff.

The defendant complained to the grand juror that the plaintiff and Gorski had stolen building materials belonging to him. The grand juror caused a warrant to be issued for the arrest of the plaintiff and Gorski. The warrant was served on the plaintiff at his house on a Sunday when he was having a small party which was attended by his friends. The plaintiff's reputation in the town was that of an honest man. The plaintiff was obliged to expend the sum of $65 for legal services in defense of the charge. The plaintiff was tried upon a charge of theft and acquitted.

The court reached the following conclusions: That the defendant acted without probable cause and with malice in bringing his complaint against the plaintiff; that the plaintiff bore the reputation of an honest man up to the time of the prosecution, and his arrest caused him great humiliation; that the plaintiff should recover $200 damages from the defendant.

Defendant also asked for certain corrections of the finding, which were refused, and will be considered in the opinion, which also contains further facts.

The defendant's reasons of appeal are that the court erred in holding that the facts found justify the finding of want of probable cause on the part of defendant in making his complaint to the grand juror, and also in finding malice, and also in finding damages to the amount of $200. Another alleged error is that there

was no evidence to show that the plaintiff was injured in business or reputation by the charge preferred. It is also assigned as error that the court wrongly drew a certain conclusion in its memorandum of decision from the evidence. The memorandum was not made part of the finding. The remaining errors assigned relate to the refusal of the trial court to correct the finding.

*George Schwolsky* and *Frederick J. Rundbaken,* for the appellant (defendant).

*Charles Sudarsky,* with whom was *George M. Hyman,* for the appellee (plaintiff).

KEELER, J.   Turning first to the errors assigned upon the trial court's refusal to correct the finding, we find that the finding, so far as it states facts found as distinguished from conclusions, contains twenty-eight paragraphs, and of these the defendant moved to strike out twelve, which latter are those most concerned with the vital issues in the case. Defendant asks for the addition of ten paragraphs or parts of paragraphs. If the motion were granted in full, the result would be a nearly complete reproduction of the defendant's draft-finding, and of course would not justify the conclusions of the court. None of the findings sought to be cut out were found without evidence; they were found upon conflicting evidence. The additions sought were none of them admitted and undisputed. With regard to the alleged error in drawing a conclusion from the evidence, in the memorandum of decision, since the memorandum is not part of the finding we cannot pass upon the question. However, it was simply a forcible statement of want of probable cause, and is in other language contained in the finding. The two closely related assignments of error that

there was no evidence that the plaintiff had suffered loss of reputation and business, and hence the damages allowed were not justified, are not meritorious. Waiving the informality of the assignment of error, in that it is founded on an assumed lack of evidence, and treating it as addressed to a lack of finding by the court of any loss of reputation or business on the part of plaintiff, we may say that the court has found that the plaintiff bore the reputation of an honest man, and his arrest caused him great humiliation. This would naturally be the case, and he is entitled to some damages on that account. Moreover, he had incurred an expense of $65 in defending himself on the criminal charge, and would incur expense in the present action, and since the court found express malice in the prosecution of the criminal complaint, this expense would be allowed him as punitive damages in so far as it exceeded the taxable costs. With all these facts in view, it is of little account that no particular sum as special damages as alleged with reference to reputation and business, was found by the court. As early as 1698, Lord Holt, in *Savile* v. *Roberts*, 1 Ld. Raymond, 374, 378, enumerated as one of three elements of damages in actions for malicious prosecution, "the damage to a man's fame, as, if the matters whereof he is accused be scandalous." When the expenses of defense of the criminal accusation and those of the present action are added together, there would remain very little by way of compensation for humiliation and injured feelings. There is sufficient in the facts found to show that the judgment given is not made up of items not legally allowable.

We pass to the principal contentions of the appellant, that the court was not justified in finding want of probable cause and of malice. In the case of *Stone* v. *Stevens,* 12 Conn. 219, 229, this court defined prob-

able cause to consist of such "facts proved, as would reasonably induce an impartial and reasonable mind to suspect and believe that the plaintiff had stolen the property of the defendant, as claimed by him; . . . such facts would amount to sufficient evidence of probable cause; but that mere conjecture or suspicion did not amount to such probable cause as would justify the defendant. . . . That it was incumbent on the plaintiff to prove malice in the defendant in the prosecution of the plaintiff; but if they [the jury] found that the defendant had proceeded without probable cause, they might presume from that circumstance that the prosecution was malicious. And yet, if the defendant had, to their satisfaction, rebutted such presumption, which he might do, and proved that he instituted and prosecuted the search warrant, without malice and for justifiable ends, their [the jury's] verdict ought to be rendered in his favor, notwithstanding they might believe there was no probable cause." The doctrine thus enunciated has been consistently followed in this jurisdiction in a number of cases; particular reference may be made to *Thompson* v. *Beacon Valley Rubber Co.*, 56 Conn. 493, 16 Atl. 554, and *Shea* v. *Berry*, 93 Conn. 475, 478, 106 Atl. 761. In the latter case the court observes: "Belief alone, however sincere, is not sufficient, for it must be founded on circumstances which make the belief reasonable."

The existence or nonexistence of probable cause is a question to be decided by the court upon the facts found. Proceeding to consider these, we find that when the plaintiff went to work there was upon the lot on which the house was being built, a quantity of building material, lumber and planks left over by those who had worked earlier upon the building, the property of defendant, and also two planks, 2x9x14, the property of the plaintiff and used by him for staging while work-

ing on the job, which latter pieces of lumber were known by defendant to belong to the plaintiff, and which through Gorski he asked plaintiff to remove; Gorski delivered the message, and he and plaintiff removed these two planks. Mrs. Marcniak and one Stankevich saw the removal, and each notified defendant of that fact. Azzian, the painter, informed defendant that he saw plaintiff and Gorski remove finishing lumber. Plaintiff and Gorski had about this time in fact removed various tools belonging to them, including miter-boxes and sawhorses. They had not in fact removed any of defendant's property. Defendant, knowing that he had notified plaintiff to remove the planks above referred to and having received no information except what Azzian had told him of the taking of any other property, made no inquiry to ascertain whether plaintiff had removed any other material or in fact whether they had removed the planks, but with a mind embittered toward plaintiff, proceeded to cause the criminal prosecution through the grand juror. The slender reasons above set forth are not grounds of probable cause. Defendant should have made further investigation than he did make of the actual facts in the matter before proceeding to institute a criminal prosecution. It seems quite evident that his experiences with plaintiff in adjusting his account with plaintiff, had so aroused his resentment, that his action proceeded from prejudice and animosity and not from any desire to punish a wrongdoer in furtherance of public justice.

There was want of probable cause from which the court properly inferred malice, since the finding discloses no facts rebutting this presumption. But it was also the right of the plaintiff to show express malice by testimony, and the court has evidently found the existence of express malice. The conclusion of the

court is that defendant acted "without probable cause and with malice in bringing his complaint." This perhaps does not clearly indicate whether the court presumed malice from want of probable cause or found express malice. A reference to the memorandum of decision, however, clearly shows that express malice was included in the court's decision. Express malice is a question of fact. *Smith* v. *King*, 62 Conn. 515, 523, 26 Atl. 1059. The facts as set forth in the statement fully warrant such a finding. The parties had had a dispute as to the amount due for services of plaintiff; they were as far apart as $200 and $678.60. The plaintiff then filed a mechanic's lien, which prevented defendant from securing a mortgage until the lien was released. Defendant was thus compelled to pay $600 to get the lien off of record, and this was a cause of bitter feeling on his part toward the plaintiff. The court further finds that by virtue of the warrant in the prosecution initiated by defendant, plaintiff was arrested upon Sunday while he was entertaining a small party of friends. Nothing in the record shows any reason for such procedure other than to humiliate and annoy plaintiff, and the court finds that his arrest caused him great humiliation.

There is no error.

In this opinion the other judges concurred.