### John Clegg *v.* Ruth H. Miller

SUPERIOR COURT    LITCHFIELD COUNTY    FILE No. 13731

Memorandum filed January 26, 1954.

*Gordon, Muir & Fitzgerald,* of Hartford, for the Plaintiff.

*Elbert G. Manchester,* of Winsted, for the Defendant.

HOUSE, J. This is an action for malicious prosecution in which the plaintiff alleges that the defendant stated to the prosecuting authorities of the town of Winchester that the defendant was guilty of the crimes of theft, wilful injury to personal property and wilful injury to a private building, and procured the arrest and trial of the plaintiff on these charges. It is alleged that the charges were in fact false, that the defendant made the charges from malice, that there was no reasonable or probable cause for the prosecution and that the plaintiff, after standing trial on three separate days, was acquitted.

During the course of the trial plaintiff's counsel stipulated with counsel for the defendant that plaintiff's case would be rested upon the charge of theft as alleged and trial of the case would be restricted to proof of plaintiff's allegations on the charge of theft.

The essential elements for recovery in a case for malicious prosecution have been well settled. The plaintiff in such an action has the burden of establishing by a fair preponderance of the evidence three essential elements—(a) the discharge or acquittal of the plaintiff, (b) want of probable cause for the prosecution, and (c) malice. *Zenik* v. *O'Brien,* 137 Conn. 592, 595; *See* v. *Gosselin,* 133 Conn. 158, 159; *Fusario* v. *Cavallaro,* 108 Conn. 40, 42; *McGann* v. *Allen,* 105 Conn. 177, 185; *Thompson* v. *Beacon Valley Rubber Co.,* 56 Conn. 493, 499. These requirements have continued since the day of Swift's Digest (1 Swift's Digest 491) and each of the elements must be proven. Although malice may be inferred from the lack of probable cause for the prosecution (*McGann* v. *Allen,* supra, 187; *Thompson* v. *Beacon Valley Rubber Co.,* supra, 496), they are separate elements of the case and both must be proved. *Smith* v. *King,* 62 Conn. 515, 523, 525; *Munson* v. *Wickwire,* 21 Conn. 513, 515; Newell, Malicious Prosecution, p. 246.

It does not appear that in this action the plaintiff has established the requisite element of malice on the part of the defendant in making her complaint to the prosecuting authorities. In the early case of *Ives* v. *Bartholomew,* 9 Conn. 309, 313, malice, as the term is used in such proceedings as this, was defined: "Malice, in reference to this subject, is any improper motive. It need not imply malignity, nor even corruption, in the appropriate sense of those terms." See Newell, Malicious Prosecution, chapter VI.

Malice may be proved to be either actual or express malice by direct evidence of improper motive or bad faith, prejudice, animosity, ill will, hard feelings in instigating a prosecution, or, as is the usual case, it may be implied or inferred from the instigation of a prosecution by a defendant without probable cause—that is, without knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for prosecuting an action. *Zenik* v. *O'Brien,* 137 Conn. 592, 597; *Paranto* v. *Ball,* 132 Conn. 568, 571.

A defendant may rebut the inference or presumption of malice arising out of the prosecution of a complaint without probable cause by affirmative evidence that he instituted the prosecution in question without malice and for justifiable ends. *Zitkov* v. *Zaleski,* 102 Conn. 439, 445; *Stone* v. *Stevens,* 12 Conn. 219, 229.

In this view of the present case it is unnecessary on the question of malice to consider whether the facts known to this defendant were such as would justify a reasonable man in the belief that he had reasonable grounds for prosecuting the action in order to draw an inference of malice if such facts did not exist, because the defendant has affirmatively established the reasons and motives that prompted her complaint and they were not improper or malicious motives. Although "it can hardly be expected that all selfish aims and desires can be eliminated from such prosecutions" (*Thompson* v. *Beacon Valley Rubber Co.,* 56 Conn. 493, 497), in this case they must be found to be incidental only.

The evidence discloses that the defendant had leased her furnished home to the plaintiff and upon regaining possession discovered what she considered to be considerable damage to the furnishings and building and that a considerable quantity of linens

and household wares were missing. She had had prepared an inventory of the contents at the time of execution of the lease and called in the real estate agent who negotiated the lease to check on the inventory. It appears that this agent suggested to the defendant that her loss might be covered by her insurance policy and following this suggestion the defendant called the matter to the attention of her local insurance agents. Thereafter a proof of loss form was filed and a claim made with the company which insured defendant's property. Subsequently an adjuster for the company investigated the loss and called to the attention of the defendant that under the terms of the policy the insured, upon knowledge of loss, was required to "give notice thereof as soon as practicable to the Company or any of its authorized agents and also to the police." He, therefore, advised her to give notice to the police. Following this advice the defendant consulted her own attorney, who advised her to comply with the provisions of the policy and report the matter to the police and suggested that she see Mr. Glynn, the local prosecutor. It was then that the defendant first took up the matter with the prosecuting authorities—not out of any malice but because she reasonably believed such a report was necessary in connection with her claim filed with the insurance company. It then appears that Mr. Glynn was disqualified to act and sent the defendant to Mr. Lavieri, a special prosecutor, who advised the defendant to report the matter to the then captain of the local police and the county detective. These officials investigated the complaint, interviewed the defendant and the plaintiff, and reported the results of their investigation to the special prosecutor. It appears that the count of theft was added to the complaint by the county detective, who himself typed in the count a day or so before the trial and after he had completed his investigation. It is

not without significance that during the course of the investigation the insurance company notified the county detective that it had paid the defendant $96 for "articles missing from her home" and that the company "were unable to determine who stole these items."

The plaintiff relies strongly upon the claim that the plaintiff had informed the defendant that he had removed some linens and wares to be cleaned and laundered and returned, and that the insurance policy expressly excluded loss or theft due to the actions of a tenant. He would explain the three-week delay between the time he moved from the leased premises and the time the investigating officers armed with a search warrant found the goods in his home solely upon the grounds of laziness. These claims would be of greater significance on the question of probable cause.

I am satisfied that the complaint to the prosecuting authorities was made in good faith, without malice, prompted by the notice requirement of the insurance policy. There was not, as in the *Zenik* v. *O'Brien* case (137 Conn. 592, 596) any insistence or pressure by the defendant as the determining factor in the decision of the special prosecutor to commence the prosecution.

The plaintiff, having failed to establish that the arrest and prosecution of the plaintiff was due to malice on the part of the defendant, cannot prevail in this action and judgment should enter for the defendant.