[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before this court are motions under 35-54 and 52-226a
of the General Statutes.
Motions for an award of reasonable attorney's fees under 35-54
of the General Statutes have been filed by the following defendants: Concord Laboratories, Inc. (Concord), Aplicare, Inc. (Aplicare), Amelia Ortiz, Kerry Desmond, Connie Hawkins, Brian Lewis, Claudia Melillo, Bruce Wilson, Philip Hamrock, Paul, Buccetti and Lloyd Brown. All parties have been heard on said motions.
As to the following defendants each motion under 35-54
should be granted and a hearing in damages be scheduled: Amelia Ortiz, Kerry Desmond, Connie Hawkins, Brian Lewis and Claudia CT Page 3888 Melillo.
As to the following defendants each motion under 35-54
should be granted, in part, and a hearing in damages be scheduled: Bruce Wilson, Philip Hamrock, Paul Buccetti, Lloyd Brown, Concord and Aplicare.
Under First Count of the complaint, plaintiff alleges violations of the Connecticut Uniform Trade Secrets Act (CUTSA),35-40 et seq. Section 35-54 of said act is patterned on 4 of the Uniform Trade Secrets Act; it applies only to claims under CUTSA. Uniform Laws Annotated, Vol. 14 Uniform Trade Secret Act, pp. 459-460.
Comment to said 4 states:
 "Section 4 allows a court to award reasonable attorney fees to a prevailing party in specified circumstances as a deterrent to specious claims of misappropriation, to specious efforts by a misappropriator to terminate injunctive relief, and to willful and malicious misappropriation. In the latter situation, the court should take into consideration the extent to which a complainant will recover exemplary damages in determining whether the additional attorney's fees should be awarded. Again, patent law is followed in allowing the judge to determine whether attorney's fees should be awarded even if there is a jury, compare 35 U.S.C. § 285 (1976)."
In pertinent part, 35-54 provides "If a claim of misappropriation is made in bad faith . . . the court may award reasonable attorney's fees to the prevailing party."
Within the meaning of said statute, each movant is a prevailing party. On August 30, 1990, motions to dismiss, pursuant to 302 of the Practice Book, were granted for failure of the plaintiff to make out a prima facie case against Concord, Amelia Ortiz, Kerry Desmond, Connie Hawkins, Brian Lewis and Claudia Melillo; also on August 30, 1990, motions to dismiss, pursuant to 302 of the Practice Book, were granted, in part, for failure of the plaintiff to make out a prima facie case against Aplicare, Bruce Wilson, Philip Hamrock, Paul Buccetti, and Lloyd Brown. Subsequently, on January 10, 1991, after trial was completed on the complaint and the Fourth and Fifth Counts of the counterclaim, judgment was entered on the complaint in favor of said defendants Aplicare, Bruce Wilson, Philip Hamrock, Paul CT Page 3889 Buccetti and Lloyd Brown judgment on said counts of the counterclaim was entered in favor of Clinipad.
In accordance with the intended purpose of 35-54 to follow patent law procedure in acting on requests for attorney's fees, a defendant who prevails against a claim of misappropriation made in bad faith may, at the conclusion of trial, move under said statute for an award of reasonable attorney's fees. Such a motion is acted upon by the judge before whom the claim of misappropriation was tried said judge shall decide the issue of "bad faith" based upon the record of said trial and, upon a finding of bad faith, shall take additional evidence, if necessary, only on the issue of the amount of reasonable attorney's fees to be awarded, if any. Stilwell Development v. Chen, 11 USPQ 2d 1328; Campbell v. Spectrum Automation Co, 601 F.2d 246, 249-50 Appliances, Inc. v. Yost, 186 Conn. 673, 680-681; Pearl v. Nelson 13 Conn. App. 70,172. Such a procedure is consistent with the practice in patent infringement cases under 35 U.S.C. § 285.
No definition of "bad faith" is provided in CUTSA. Principles which should be considered in deciding a claim of "bad faith" are explained in Fattibene v. Kealey, 18 Conn. App. 344,361. A claim is made in "bad faith" upon the record showing that it is "entirely without color and [is taken] for purposes of harassment or delay or for other improper purposes . . . . . . . Whether a claim is colorable, . . . is a matter of `whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts had been established'" Fattibene v. Kealey, supra. p. 361. Compare Texaco, Inc. v. Golart, 206 Conn. 454, 463-464; Buckland v. People Express, Inc., 205 Conn. 166, 170-172; 19COA447; Lieb v. Topstone Industries, Inc. 788 F.2d 151, 154-156; The Boeing Company v. Sierracin Corporation, 738 P.2d 665.; compare, Stilwell v. Chen, supra, pp. 1330-1331, "`bad faith' . . . (encompasses) deterrable conduct which maintains a specious claim of misappropriation".
Movants have the burden of proof on the "bad faith" claim under 35-54; the burden of proof should be proof by a fair preponderance of the evidence. Compare, Advance Transformer Co. v. Levinson, 837 F.2d 1081, 1085. Actions of malicious prosecution and vexatious litigation, which are analogous to a "bad faith" claim under 35-54 require no heightened burden of proof; nor should a claim under 35-54 require a heightened burden of proof. Clegg v. Miller, 18 Conn. Sup. 502, 503; Rizza v. Gill,24 Conn. Sup. 256, 259.
Upon the record, this court finds that plaintiff made claims of misappropriation, pursuant to CUTSA, under First Count, in bad faith against the following movants: Amelia Ortiz, Kerry Desmond, Connie Hawkins, Brian Lewis and Claudia Melillo. As to these CT Page 3890 defendants no evidence was introduced on the claim of misappropriation such claims were made for no proper purpose, but for the purpose of being oppressive.
As to defendants Bruce Wilson, Philip Hamrock, Paul Buccetti, Lloyd Brown, Concord and Aplicare, upon the record, this court finds that plaintiff made the following claims of misappropriation, pursuant to CUTSA, in bad faith:
a. First Count, paragraph 19h;
b. First Count, paragraph 19j;
c. First Count, paragraph 19r;
d. First Count, paragraph 19s;
e. First Count, paragraph 19t;
f. First Count, paragraph 19o, (formula DO18 only).
As to these defendants and these claims no evidence was introduced; such claims were made for no proper purpose, but for the purpose of being oppressive.
Counsel are ordered to confer with each other regarding the scheduling of a hearing in damages and to report to the court on or before June 4, 1991.
Each of the movants, under 52-225a of the General Statutes, requests the court to "make a special finding to be incorporated in the judgment or made a part of the record . . . that the action . . . was without merit and not brought or asserted in good faith." Such a finding is not limited to an action under CUTSA.
As to Amelia Ortiz, Kerry Desmond, Connie Hawkins, Brian Lewis and Claudia Melillo, this court finds that the entire action against each of them is without merit and not brought or asserted in good faith.
As to Bruce Wilson, Philip Hamrock, Paul Buccetti, Lloyd Brown, Concord and Aplicare, this court finds that each of the causes of action of misappropriation of the following alleged trade secrets under First Count, and as incorporated in Second Count, is without merit and not brought or asserted in good faith.
a. First Count, paragraph 19h;
b. First Count, paragraph 19j; CT Page 3891
c. First Count, paragraph 19r;
d. First Count, paragraph 19s;
e. First Count, paragraph 19t;
f. First Count, paragraph 19o, (formula DO18 only).
Each of the following numbered motions in the court file are decided in accord and with this memorandum on the issues raised under 35-54 and 52-266a: 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 347.
Ronald J. Fracasse, Judge