JOHN C. THOMPSON *vs.* THE BEACON VALLEY RUBBER COMPANY.

New Haven Co., June T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

In an action for a malicious prosecution, if probable cause is found to exist, no amount of malice will entitle the plaintiff to a verdict.

Malice is inferred by the law from want of probable cause, but the plaintiff need not rely on the implication of malice, but may show express malice to enhance damages.

If the main object of the prosecution was to compel the payment of a debt, or to secure any other private advantage, then, there being want of probable cause, the motive would be sufficient evidence of malice; but if the private advantage was only incidental it would not be evidence of malice.

The court charged that probable cause was "the existence of such facts and circumstances as would excite in a reasonable mind a belief of the guilt of the person charged, of the offence with which he was charged." Held not to be erroneous in not using the term "impartial" as well as "reasonable."

A discharge of the plaintiff is essential to his recovery, but it is not proof of want of probable cause, nor of malice.

The want of probable cause must be shown by facts and circumstances existing at the time the prosecution was instituted and information which then came to the defendant. He can not be affected by later occurrences or information.

An authority to institute "legal proceedings" is not an authority to institute a criminal prosecution.

A corporation succeeded a private partnership in a manufacturing business. Held that it was not bound to receive goods previously sold by an agent of the partnership to the plaintiff upon an agreement that they might be returned if they did not prove satisfactory, and that they could not

be charged to the corporation, after its refusal to receive them, against its charge for goods afterwards consigned to him by the corporation.

The corporation having procured his arrest for embezzlement of the goods consigned to him, for which he brought an action against it for malicious prosecution, it was held in that action that evidence of the plaintiff's transaction with the partnership and of his attempt to return to the corporation the goods bought of the partnership, was not admissible as going to show that he was acting in good faith and that the corporation knew that he was not embezzling the goods consigned to him.

Whether a consignee of goods may not be an embezzler of them under Gen. Statutes, § 1580: *Quære*.

[Argued June 20th—decided October 9th, 1888.]

ACTION for a malicious prosecution; brought to the Superior Court in New Haven County, and tried to the jury before *Fenn, J.* Verdict for the defendants, and appeal by the plaintiff for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*C. S. Hamilton,* for the appellant.

*W. H. Williams,* for the appellees.

CARPENTER, J. In 1885 the plaintiff was doing business in the name of "R. Thompson," and purchased goods through the agency of one Squires of the Beacon Valley Rubber Works. The defendant corporation was organized early in the year 1886. On April 14th of that year, the defendant, through the same agent, Squires, consigned certain goods to the plaintiff for sale, who was then doing business in his own name. In June a small portion of the goods was sold, and the cash received therefor remitted to the defendant by Squires, less the price of one garment purchased in 1885 which he received, crediting the price thereof as cash. At that time the plaintiff claimed that the goods purchased in 1885 were worthless, and desired that the defendant would take them and give credit therefor. When those goods were purchased there was an agreement with the Beacon Valley Rubber Works that they might be so returned, but that agreement did not come to the knowledge of the defendant. On September 3d, 1886, the plaintiff

boxed and shipped the goods to the defendant, charging the same to the defendant, and crediting the balance of goods consigned. The plaintiff put into one of the boxes containing the goods a letter explaining the transaction. The defendant refused to receive the goods and did not receive the letter.

On September 24th or 26th the plaintiff received an order from the defendant to return the goods remaining unsold of the consignment of April 14th. Between September 3d and 24th the plaintiff became financially embarrassed, and placed his property, including the balance of goods consigned, in the hands of a friend, with a view to making a compromise with his creditors. No compromise was effected with the defendant.

The defendant then made an effort to collect the amount due for goods sold in 1885, which was represented by a note which came into the defendant's hands from the Beacon Valley Rubber Works, and also to recover the balance of the goods consigned. Among other things a criminal prosecution was instituted against the plaintiff for embezzlement, on which the plaintiff was discharged. This suit is for a malicious prosecution. The defendant had a verdict and the plaintiff appealed.

On the trial the plaintiff offered to prove that Squires, when he sold the goods in 1885, had orally warranted them to be of the best quality and satisfactory to the purchaser in all respects, and agreed, if they were not satisfactory, that the defective goods might be sent back and other goods sent in their place. To the admission of this evidence the defendant objected, on the ground that Squires at the time was not the agent of the defendant, that the defendant was not then in existence, and that it had not consented to receive the goods and was in nowise bound to do so.

The plaintiff insisted, notwithstanding, that the evidence was admissible as bearing upon the question of the plaintiff's good faith in sending to the defendant the goods purchased in 1885; as tending to show a want of criminal intent in what he subsequently did with the goods consigned to him

by the defendant; and as bearing upon the question of the want of probable cause and the defendant's knowledge of it. The court properly sustained the objection and excluded the evidence. The defendant was a stranger to that transaction, and we do not see how it could legitimately affect any question involved in this case. The goods consigned to the plaintiff by the defendant had no connection whatever with his former transaction with the partnership, and what he did in attempting to return the goods bought of the partnership to the defendant and the refusal of the latter to receive them, could be no evidence against the defendant in this suit of his good faith in appropriating the goods consigned to him by the defendant.

The plaintiff persistently claimed that he had a right to introduce one of the garments which he purchased in 1885 as an exhibit, on a collateral issue as to the quality of the goods. The court properly denied his claim. The defendant had nothing to do with the goods sold to the plaintiff in 1885.

The plaintiff's second request to charge the jury was in substance that if they should find that the warrant was procured and the plaintiff arrested thereunder wholly or partially for the purpose of compelling the payment of a debt, then the motive was wrongful and the act malicious. The judge charged as requested, except that he omitted the words " wholly or partially." In this it is claimed that the court erred, the plaintiff insisting that if the motive was partially, in any degree, to collect a debt, it was unlawful and therefore evidence of malice.

The plaintiff's counsel unduly magnifies the importance of this matter. Want of probable cause and malice, combined, are essential. The jury were repeatedly told—no less than three times,—that malice was to be inferred from the want of probable cause. If therefore want of probable cause was shown malice was sufficiently proved. If there was probable cause the jury was distinctly told that no amount of malice would entitle the plaintiff to a verdict. The first being established the latter was immaterial. Now there is

nothing in the case to indicate that the verdict was based on the absence of malice; it could not have been under the charge of the court. On the contrary there was considerable evidence of probable cause, enough it would seem to warrant the jury in finding that it existed. We must therefore assume that the jury so found. If so, that alone would entitle the defendant to a verdict irrespective of the question of malice. If want of probable cause had been proved, the plaintiff would not have been bound to rely alone upon the implication of malice, but might also have proved the motive and thereby have shown express malice for the purpose of enhancing damages; but the matter was not claimed on that ground, and the case was not tried upon that theory. While therefore we are justified in disposing of this question as above, yet we do not hesitate to say that we think the court was right in its charge.

In England and in some of our sister states prosecutions are instituted by the parties injured. It is looking for too much in human nature to expect that in all cases they will be instituted solely with reference to the public good. Other motives and other feelings will inevitably influence action. The law is interested in having offenders prosecuted and punished. Hence, unless there is a want of probable cause the law does not concern itself with the motives of the prosecutor; and motives are only material in civil actions, and then only on the question of malice.

In this case the jury were told that if a criminal process was wilfully procured for a wrong and unlawful purpose, such as the collecting of a debt, even though the debt might be a just one, then the prosecution, if without probable cause, was within the meaning of the law malicious. That must be understood to mean that if the selfish purpose predominated to such an extent that it might be truthfully said that the main object was to collect a debt, then the motive was evidence and sufficient evidence of malice. But if the selfish element is only incidental it cannot be regarded as evidence of malice; for it can hardly be expected that all selfish aims and desires can be eliminated from such prose-

cutions. The plaintiff's claim that if to any extent, even in the slightest degree, the prosecutor desires or expects any private advantage, it is evidence of malice, draws the line too sharply.

The court charged the jury as follows:—"Now probable cause is the existence of such facts and circumstances as would excite in a reasonable mind a belief of the guilt of the person charged, of the offense with which he is charged. If the facts shown were such as to reasonably lead the defendants to believe the plaintiff guilty of the crime charged, or if before the prosecution was commenced they took the advice of counsel, on a fair statement of the facts, and acted upon such advice in good faith, with an honest belief that there was probable cause, the defendants would be excused." This charge is complained of mainly for the reason that it omits the word "impartial," in connection with the word "reasonable," as used in the plaintiff's fourth request.

In *Stone* v. *Stevens*, 12 Conn., 219, the trial court, in its charge to the jury, used the word "impartial" in the same connection with the word "reasonable." The plaintiff had a verdict and the defendant excepted to that use of the word "impartial." This court sustained the charge. Holding that the use of the word was not erroneous is not exactly the same as requiring its use. In other words, it may be lawfully used and it may be lawfully omitted.

The words "impartial" and "reasonable" are practically synonymous. "Impartial" signifies—"not partial; not favoring one party more than another; unprejudiced; disinterested; equitable; just." Among the synonyms for "reasonable" are "equitable, just." Webster's Dict., *in verba*. There is therefore no such distinction in the meanings of the two words as to make the use of both or the omission of one erroneous. In *Stone* v. *Stevens* the court says:—"If he is honest in his belief he may be said to act impartially in forming the opinion which he entertains." A reasonable man will not do less and will not be required to do more.

Besides, the test required by the court is not to be applied by the party, but by the jury. They are to determine

whether the party acted reasonably, equitably, justly. The plaintiff is ' not required ·to be bound by the judgment of partial and interested men.

The plaintiff requested the court to charge that the discharge of the plaintiff by the criminal court was *prima facie* evidence of the want of probable cause. The court refused so to charge, and did charge that the discharge was not evidence of the want of probable cause. In·this the court was right. Three things are essential to the maintenance of actions of this character :—1. The discharge of the plaintiff. 2. That the prosecution was without probable cause. 3. That it was malicious. The acquittal of the plaintiff proves the first, but it has no tendency to prove the second or third. The want of probable cause must be shown by facts and circumstances existing, and information which came to the defendant, at the time the prosecution was instituted. Facts subsequently transpiring, and information subsequently received, could not, from the nature of the case, influence his action at that time.

The court complied with the plaintiff's sixth request so far as to charge that malice might be inferred from want of probable cause, but rightly refused to charge that the burden of proof shifted. As we have assumed, and are justified in assuming, that the jury found probable cause, the question becomes of no importance.

The plaintiff's eighth request, with reference to the vexatious character of a civil suit brought by the defendant against the plaintiff, was irrelevant and rightly refused.

The ninth request relates to the goods purchased in 1885, and the agreement with the partnership selling them that they might be returned, and was properly refused. That matter was sufficiently considered in considering whether that agreement was admissible against the present defendant, and need not be repeated here.

The tenth request predicated on an assumed offer to return the goods was properly refused. The record does not show that any such offer was ever made.

The eleventh request was in substance that a consignee of

goods to be sold cannot in law be guilty of embezzlement. A consignee belongs to that class of agents called factors. As such we are not prepared to say that he is not within the purview of Gen. Statutes, § 1580. However that may be, that is a question that might have arisen on the trial of the criminal prosecution, as it was a question of guilt or innocence. Here that is not the question, but it is one of probable cause. The only significance of the request therefore is as to its bearing on the latter question. But the request did not thus limit it. It is a bald request that the jury might be charged that the plaintiff was not guilty of the offense charged in that prosecution; and it was properly refused. Moreover, the question of good faith was properly submitted to the jury. Their attention was called to the fact that on this point the defendant or its agent had the advice of counsel; and on such a question as that legal advice was peculiarly important.

The plaintiff's counsel asked the court to charge the jury that the defendant authorized Mr. Sweeny to institute criminal proceedings, " if the defendant corporation employed him to institute legal proceedings of some kind against the plaintiff, allowing him to use his own judgment as to the kind and method of procedure." The propriety of this request depends entirely upon the assumption that an authority to institute legal proceedings for the purpose of collecting a debt is in law an authority to institute a criminal prosecution. This cannot be so. The authority conferred must be construed as an authority to commence civil suits only.

There is no error in the judgment complained of.

In this opinion the other judges concurred.