AMBS v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court, E. D. Missouri, E. D.   April 8, 1899.)

No. 4,178.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—MALICE—BURDEN OF PROOF.

In an action for malicious prosecution, plaintiff has the burden of showing both that defendant did not have probable cause and that it acted with malice.

2. SAME—"PROBABLE CAUSE"—DEFINITION.

"Probable cause" means reasonable cause to believe that plaintiff was guilty, based on facts and circumstances sufficient in themselves to induce such belief in an ordinary person.

3. SAME—EFFECT OF MALICE ALONE.

If defendant had probable cause, it would make no difference that it acted with malice.

4. SAME—PRESUMPTION OF MALICE.

Malice may be inferred from the absence of probable cause.

5. SAME—COMMITMENT OF PLAINTIFF BEFORE MAGISTRATE—EFFECT.

A judgment of a magistrate, finding that there was probable cause for believing plaintiff guilty, and binding him over to await the action of the grand jury, constitutes prima facie evidence of probable cause.

6. SAME—IGNORING OF BILL OF GRAND JURY—EFFECT.

The ignoring by the grand jury of the bill against plaintiff constitutes prima facie evidence of want of probable cause.

7. SAME—QUESTION FOR JURY.

The question as to which of the two prima facie cases has the greater weight is for the jury.

8. SAME—ADVICE OF PROSECUTING ATTORNEY—EFFECT.

If defendant's agents and attorney before making the complaint against plaintiff made a full and fair disclosure of all the facts in their possession, and which they could reasonably obtain, to the prosecuting attorney, and were advised by him that a crime had been committed, and that there was probable cause to believe defendant guilty, and if the prosecuting attorney himself drew the complaint, plaintiff would have probable cause, and would not be liable for malicious prosecution.

9. SAME—PROSECUTION UNDER INAPPLICABLE STATUTE.

The fact that the statute under which plaintiff was presented did not afford an authority for his punishment would not alone render defendant liable for malicious prosecution.

10. SAME—MEASURE OF DAMAGES.

In estimating the damages caused by a malicious prosecution, the jury may consider loss of time and expenditure of money by accused in his defense, and any injury to his reputation, character, standing, or feelings directly occasioned by the other party's wrong.

Chester H. Krum and A. G. Hirsch, for plaintiff.

Gardiner Lathrop, Adiel Sherwood, and S. W. Moore, for defendant.

ADAMS, District Judge (charging jury).   You have been brought here, as an important and valuable auxiliary of this court, to aid it in the administration of justice, and you, as well as the judge of this court, have taken an oath, to administer justice with an even hand, to the rich and to the poor, to the high and to the low, alike.

Now, in entering upon the consideration of your verdict in this case, you must at the outset recall your duty as well as the oath you have taken, and at once compose yourself to treat this case, so far as the right of recovery is concerned, as you would if the case were between

two individuals, irrespective altogether of the amount of wealth of one or the poverty of the other. So much by way of preface.

And now I will give you, as clearly and distinctly as I am able, the legal principles, as well as the issues of fact, which are involved in this trial. This is a suit, as you are already advised, instituted by the plaintiff to recover damages for an alleged malicious prosecution of himself by the defendant. The undisputed facts, as shown by the proof in the case, show that in January, 1898, the defendant railway company, after having discovered that a considerable number of its railroad coupon tickets had been so altered from what they were reported to the company as having been sold as to entitle the holder to transportation over a much greater distance than that for which payment had been made to the company, and suspecting this state of facts, and having been so informed thereof, the defendant caused complaint to be lodged before an examining magistrate at St. Joseph, Mo., charging the plaintiff in this case with having so altered said tickets and sold the same, and thereby with having violated the provisions of section 3573 of the Revised Statutes of the state of Missouri. This section reads as follows:

"If any person in the employ of any railroad company, whether such company be incorporated by this or any other state or the United States, shall fraudulently neglect to cancel or return to the proper officer, agent or company any coupon or other railroad ticket with intent to permit the same to be used in fraud or to the injury of any such company, or if any person shall embezzle any such coupon or other railroad ticket, or shall fraudulently sell or put in circulation any such ticket, the person so offending shall upon conviction thereof, be punished by imprisonment in the penitentiary not exceeding five years, or by a fine of not more than one hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment."

The complaint, as made against the plaintiff in this case, is a charge of having sold and put in circulation a certain railroad ticket, exactly in the language of this section 3573, and I call attention to this at the present time, on account of the argument just made with respect to the meaning of this particular action of the defendant company. It is stated by counsel that the charge was the altering of a railroad ticket only. The charge as made by the agent of the defendant company was not that. The charge found in the affidavit filed before the magistrate is simply this: that the defendant feloniously and fraudulently did sell and put in circulation a certain railroad ticket. It makes no difference, for the purposes of this case, what the justice of the peace afterward added in issuing the warrant. The charge made by the agent was in the language of the statute. Whatever may have been the subsequent action of the magistrate is immaterial for your present inquiry. You are now considering what the defendant did and what its responsibility is therefor. It appears, further, gentlemen, from the proof, that the plaintiff was arrested upon a capias issued upon the complaint so made by one of the defendant's agents before this magistrate; and after some intermediate proceedings in St. Louis, where the arrest was first made, the plaintiff was brought before the magistrate for examination, with a view and for the purpose of ascertaining whether an offense had been committed, and whether there was such

reasonable ground to believe that the plaintiff had committed the offense as warranted holding the plaintiff to await the action of the next coming grand jury. It further appears that a full hearing was had before this magistrate, at which the plaintiff, as well as the state, was represented by counsel, and that as a result of this examination it was adjudged by the magistrate that an offense had in fact been committed, and that there was reasonable ground to believe that the plaintiff was guilty of the offense as charged, and, as a necessary result of such finding by the magistrate, the plaintiff was bound over to await the action of the next grand jury. It further appears that at the next session of the grand jury of Buchanan county the case was brought to the attention of that body, but that body ignored the bill, and the plaintiff was discharged. The prosecution was thereby ended. This suit is now instituted by the plaintiff to recover damages from the defendant, alleged to have been sustained by him by reason of this proceeding.

To entitle the plaintiff to recover in this action, the burden of proof rests upon him to satisfy you by a preponderance of the evidence of two facts: First, that the defendant company, at the time of lodging the complaint against him, did not have reasonable or probable ground to believe that the plaintiff in this case was guilty; second, that the defendant instituted the charge against him with malice.

If you find from the evidence, by the measure of proof which I have already indicated,—that is, by a preponderance of the proof,—that the defendant so instituted the prosecution without reasonable or probable cause and maliciously, then the plaintiff is entitled to a verdict in this case. If, on the other hand, you find that the defendant had reasonable or probable cause to believe that the plaintiff was guilty or that the defendant did not institute the proceedings maliciously, your verdict must be for the defendant.

In determining these issues there are certain well-recognized rules of law which, when understood by you, will be of considerable aid to you, and which in reaching your conclusion it is incumbent upon you to observe: First. "Probable cause," as here used, means simply this: A reasonable ground to believe that the plaintiff was guilty, based upon facts and circumstances sufficiently strong in themselves to induce such belief in the mind of an ordinarily prudent person. Second. If you find that the defendant had such probable cause for believing the plaintiff guilty, no malice, however distinctly proved, will render the defendant liable; that is, if the defendant had probable cause for believing him guilty, it does not make any difference with how much malice it may have acted. Third. If you believe that there was no such probable cause for believing the plaintiff guilty of the offense charged, you are at liberty therefrom—that is, from the absence of reasonable or probable cause—to infer malice. In other words, "malice," as employed in the instructions which the court is now giving you, does not necessarily mean ill will, hatred, or any active expression of such emotions, but only a wrongful act done intentionally, without legal justification or excuse. Therefore it is that the intentional commencement of a criminal prosecution against one without probable cause entitles a jury to infer the requisite malice to maintain the action for malicious prosecution. Inasmuch as the hearing before the magis-

trate (now having reference to the hearing which was had before the magistrate at St. Joseph) was for the express purpose of inquiring into the existence of probable cause, and inasmuch as in this case such inquiry was made, which resulted after a full hearing on the merits, in the conclusion and judgment of the magistrate that there was such probable cause, this judgment of the magistrate constitutes in law prima facie evidence of such fact, namely, probable cause to believe that the plaintiff was guilty, for all purposes of this case which you are now trying. By "prima facie evidence," gentlemen of the jury, is meant that degree of proof which, in the absence of satisfactory rebutting proof, will justify you in concluding that the defendant had probable cause to believe the plaintiff guilty.

Again, the ignoring the bill by the grand jury of Buchanan county affords, when taken by itself, prima facie evidence of want of probable cause. Thus, you will observe, is created for your consideration in this case an apparent conflict in two presumptions, or what the lawyers recognize as prima facie cases, and the court has concluded to leave these two presumptions or prima facie cases to you for such consideration and weight as, under all the evidence, you in your better judgment see fit to give them, with the remark, however,—and I do not refrain from making such remark,—that it seems to the mind of the court that the conclusion reached by the magistrate, considering the legal character, scope, and significance of the proceedings before the two bodies in question, is entitled to greater consideration than the discharge by the grand jury; and this for the following reasons: The hearing before the magistrate is essentially a proceeding to determine the very issue now presented, namely, the existence or nonexistence of probable cause. It permits evidence on both sides, the appearance of counsel for the accused, the examination and cross-examination of the witnesses, and the full and unrestrained opportunity for ascertaining the truth; while, on the other hand, the proceeding before a grand jury is secret in its character,—affords no opportunity for public inspection or criticism of its work or conclusion reached. It hears evidence only on the part of the state, and has it in its power to determine whether, irrespective of the proof of probable cause, it is for the best interests of the public to present the accused for trial to a trial court. It seems to me that, on thus comparing the two proceedings, a finding of probable cause by the magistrate, with the accused and his counsel having a full opportunity to be heard in his defense, is more persuasive on the question of probable cause than the action of the grand jury, as already stated. But, whatever may be my personal views of the relative weight and significance of these two presumptions, I leave the whole determination thereof to you, as the sole judges of the facts of the case.

Again, whatever may be your conclusion as to the relative force of these presumptions taken by themselves, you may and should consider all the other facts, evidence, and circumstances surrounding the case, and any and all reasonable inferences deducible therefrom, and from them all determine whether the defendant did have reasonable ground to believe the plaintiff guilty at the time of the filing of the complaint against him before the magistrate at St. Joseph. It will be your duty

in considering this other phase of the case to take all such facts and circumstances as appear in evidence, together with any and all reasonable inferences and deductions therefrom, together with the presumptions to which I have alluded, and give to them all such weight and consideration as your better judgment dictates, and to determine from them all the primary issue, and the most important issue involved in this case, which is, as I have already stated, the issue of probable cause.

Now, gentlemen, independent of any and all presumptions arising from the action of the examining magistrate or of the grand jury, what do you think the facts of the case, as disclosed by the evidence, signify? Are they or are they not sufficient, in your mind, to have warranted a reasonably prudent person to believe the plaintiff guilty? Counsel have critically analyzed all such facts, and have called your attention to every possible phase of them, and I do not deem it necessary to comment further on them myself. If, in your opinion, they are of such character and force as to have justified a reasonably prudent and cautious person in believing the plaintiff guilty of the offense charged against him, then, entirely independent of any and all other considerations, you must conclude that the defendant had probable cause to believe the plaintiff guilty, and there can be no recovery in this case.

In addition to this, there is an entirely different phase of the case. It of course centers upon the primary issue, probable cause or want of probable cause, but it is entirely different from that which I have been considering. Inasmuch as the issue you are now trying is not whether the plaintiff was in fact guilty or not guilty of the offense with which he was charged, but is simply the question whether the defendant when instituting the prosecution against the plaintiff acted with the honest belief (that is all) that he was guilty, and upon facts and circumstances which afforded to the defendant a reasonable ground for such belief, it becomes necessary for you to consider the evidence relating to the submission of this matter to counsel, and the advice of counsel with respect to the defendant's duty in the premises.

The laws of the land, gentlemen, should never be so construed or administered by the courts as to discourage or deter our citizens, through fear of civil actions against them, from bringing offenders against the law to the bar of the courts for trial. Accordingly, the law has wisely declared that if any person or persons, having reason to suspect any one to be guilty of a violation of the law, communicates all the facts known to him, or which in the exercise of reasonable care he could have ascertained, to the duly constituted public official, charged with the duty of prosecuting offenders, and if such official, possessed of such knowledge, advise that an offense has been committed, and that there is reasonable ground for belief that the person suspected has committed the offense, such person or persons may, with perfect impunity, put the machinery of the law in motion to secure that one's trial before an impartial tribunal, and not only may they do it with impunity, but as good citizens, solicitous for the public welfare, it becomes, in the opinion of the court, their bounden duty to do so. The court, therefore, charges you that, if you believe from the evidence in this case that before the making of the complaint against the

plaintiff by the defendant's agent Burdge, he and other agents of the defendant, including the defendant's local attorneys, made a full and fair disclosure of the facts in their possession, or which they might by the exercise of reasonable diligence have had in possession, relating to the alleged fraudulent disposition of its railroad tickets and plaintiff's connection therewith, to W. B. Norris, prosecuting attorney of Buchanan county, and that thereupon said Norris advised that a crime had been committed, and that there was probable cause to believe the plaintiff guilty thereof, and that said prosecuting attorney then himself drew the complaint sworn to by the defendant's agent Burdge, upon which the warrant was issued under which the plaintiff was arrested, the jury are instructed that such facts constitute probable cause for the defendant's action in making such complaint, and the verdict must be for the defendant.

So much has been said, gentlemen of the jury, by counsel with respect to the true meaning of section 3573 of the Revised Statutes of Missouri, which I have already read to you, that the court deems it proper to call your attention to its true relation and bearing on this case. It probably is true, and the court so declares, that this section of the law to which I have referred did not afford an authority for the punishment of the plaintiff in this case for the offense with which he was charged; and if the defendant's agents knew, or in the exercise of reasonable caution should have known, of such infirmity, and notwithstanding such knowledge proceeded to make the complaint in question and inaugurated the proceedings against the plaintiff, you would be justified in finding that they so acted without probable cause; but if, on the other hand, they did not know of the inapplicability of the law, or if by reasonable inquiry they could not have known of its inapplicability, it has no bearing on this case whatsoever. It seems to the court that the defendant's agents, not being lawyers or learned in the law, could not be reasonably required to do more than to fairly and fully submit the facts of the case to counsel of the state, and, if no such infirmity was suggested to them prior to making the affidavit in question, the defendant cannot be constructively held to any of the consequences arising from the inapplicability of the statute in question. It is oftentimes, gentlemen, as you have doubtless observed in your experience here and elsewhere, either as jurors or possibly litigants, a matter of grave difficulty and uncertainty on the part of learned counsel, and often on the part of the courts, to interpret accurately the statutes and laws of the land. Much greater is this difficulty and uncertainty when the task is undertaken by laymen or the ordinary business man, who rely upon their attorneys and upon the courts for the true interpretation of statutes. Considering what has been said in argument by counsel, it seems to me proper to caution you with respect to the legitimate scope and bearing of the act and conduct of defendant's agents in St. Louis, connected with the arrest of the plaintiff in this city. Whether their conduct was harsh or inconsiderate toward the plaintiff—as to which it is unnecessary to make observation—cannot, in and of itself, have any bearing on the issue of probable cause for instituting criminal proceedings in St. Joseph, by filing a complaint before the magistrate there. The issue of probable

cause, gentlemen, must be determined by the facts and circumstances as they existed then,—that is to say, at the time when this affidavit was made in St. Joseph, for it was then, and only then, that the defendant in this case put the machinery of the law in motion which resulted in plaintiff's prosecution; these facts and circumstances, I say, as they existed at that time, aided by the presumption arising from the action of the examining magistrate and the grand jury, which have already been considered by you in determining the.issue of probable cause.

You are the sole judges, gentlemen, of the facts of this case, and whatever may be the suggestions of the court concerning them, or any of them, or of the inferences which may arise from them, you are to take such suggestions for what, in your judgment, they are worth, and give them such consideration as to you they seem entitled, but whatever directions are now given you concerning the law of this case you are to receive as conclusive directions controlling your judgment. If, on the whole case, you should conclude to find a verdict for the plaintiff, you should assess his damages in such sum as will reasonably compensate him for the loss, injury, and damage sustained by him. In arriving at this conclusion, you should consider any loss of time and expenditure of money in the defense of himself; any injury to his reputation, character, standing, or feelings directly brought about by the wrong of the defendant,—not exceeding, however, the amount claimed in the petition.

There will be two forms of verdict prepared for you,—one for the plaintiff and one for the defendant,—and they are already prepared. You can take them, and I will hear counsel on the question of exceptions.