Brodrib *v.* Doberstein.

———————

STEPHEN BRODRIB *vs.* EDWARD J. DOBERSTEIN.

First Judicial District, Hartford, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Probable cause is an absolute defense to an action for malicious prosecution; and whether or not it exists, upon certain facts, always presents a question of law, the determination of which by the trial court is reviewable upon appeal.

One who presses a criminal complaint against another relying in good faith upon the advice of unbiased and unprejudiced counsel, to whom he communicated fully and fairly all the facts of which he had actual or imputed knowledge, cannot be held liable in an action for malicious prosecution, even though such advice was unsound or erroneous; and this rule applies, with stronger reason, when the complainant, having made a full and fair disclosure to a prosecuting officer, honestly abides by his decision that the facts warrant the institution of criminal proceedings.

Malice may be inferred from want of probable cause; but proof of express malice as, for example, that the main purpose of a prosecution was to secure a private advantage such as the payment of a debt, does not dispense with the necessity of proving want of probable cause.

Argued January 6th—decided February 9th, 1928.

ACTION to recover damages for alleged malicious prosecution, brought to the Superior Court in Hartford County and tried to the court, *Yeomans, J.;* judgment for the plaintiff for $250, and appeal by the defendant. *Error; cause remanded for entry of judgment for defendant.*

*Frederic J. Corbett,* for the appellant (defendant).

*Jacob Schwolsky,* with whom, on the brief, were *Harry Schwolsky* and *Ernest M. Biron,* for the appellee (plaintiff).

BANKS, J.  The defendant was the lessee of certain premises occupied by him as a lunch room.  The premises were sold by his lessor to the plaintiff and the defendant moved out.  Several days later the plaintiff started to take off certain awnings which were on the front of the building.  The defendant protested, claiming that the awnings belonged to him by virtue of the fact that when he purchased the business from his predecessor the awnings went with it.  The plaintiff notwithstanding this removed the awnings and later when defendant demanded them, refused to return them.  The defendant made complaint to a policeman and later to the prosecuting attorney, and the latter issued a warrant for the arrest of the plaintiff upon a charge of theft.  When the case came up for a hearing it was nolled by the prosecuting attorney, and the plaintiff brought this action for malicious prosecution.  The defendant claimed that he laid all the facts in his possession before the public prosecutor and acted upon his advice in instituting the prosecution, and that this was conclusive of the existence of probable cause and a complete defense to this action.  The defendant asks to have the finding corrected by adding to it certain paragraphs of the draft-finding setting forth in detail his conduct in connection with the complaint and that of the prosecuting attorney who issued the warrant for the plaintiff's arrest.  The defendant is entitled to have the facts found upon which he bases his defense that he acted upon the advice of the public prosecutor after stating to him fully and fairly the facts within

his knowledge. The finding of the court does not fully state these facts which an examination of the evidence shows were not in dispute. We therefore correct the finding by adding the following facts: The policeman to whom the defendant made complaint made an investigation of the facts and then made a report to the prosecuting attorney of the defendant's complaint and of the results of his investigation. The prosecuting attorney thereupon told the policeman to bring the defendant in for examination. In response to the summons of the prosecuting attorney the defendant went to his office and in answer to his inquiries told him the facts regarding his controversy with the plaintiff as to the ownership of the awnings substantially as they had already been reported to him by the police officer. The prosecuting attorney then told the defendant that he had two remedies, one civil and one criminal, and the latter said that he desired to press the criminal complaint. The prosecutor then issued the warrant for the plaintiff's arrest basing his action upon the facts presented to him by the defendant and by the police officer who had investigated the case.

The existence of probable cause is an absolute protection against an action for malicious prosecution, and what facts, and whether particular facts, constitute probable cause is always a question of law. *Stewart* v. *Sonneborn*, 98 U. S. 187; 38 Corpus Juris, 501. The conclusion of the trial court that the defendant acted without probable cause is therefore a conclusion of law which may be reviewed upon appeal.

Advice of counsel is a complete defense to an action for malicious prosecution when it appears that the defendant made the complaint relying in good faith on such advice, given after a full and fair statement of all the facts within his knowledge, or which he was charged with knowing, and the fact that the attor-

ney's advice was unsound or erroneous will not affect the result. *Smith* v. *King,* 62 Conn. 515, 26 Atl. 1059; *Thompson* v. *Beacon Valley Rubber Co.,* 56 Conn. 493, 498, 16 Atl. 554; *Porter* v. *Ritch,* 70 Conn. 235, 39 Atl. 169; *McGann* v. *Allen,* 105 Conn. 177, 186, 134 Atl. 810; *Stewart* v. *Sonneborn, supra;* Newell on Malicious Prosecution, 310; 18 R. C. L. p. 45. In *Smith* v. *King, supra,* we approved a charge to the jury that an action of malicious prosecution could not be maintained against a defendant who made complaint to the prosecuting official in reliance upon the advice of counsel, but that the counsel consulted must be unbiased and unprejudiced against the party concerning whom the complaint is made. A public prosecutor, whose duty it is to investigate complaints made to him, and to prosecute only those where there is probable cause to believe that a crime has been committed, and who as a public official has no personal interest in either of the parties to the prosecution, may fairly be assumed to be unbiased and unprejudiced against the party complained of. Accordingly it has been said that the rule that advice of counsel properly taken and relied upon in good faith is a defense in such an action applies with still greater reason when the proceeding complained of was instituted with the approval of the prosecuting officer of the State. 18 L. R. A. (N. S.) 71. "In such case the rule is that if the complaining party states the facts fairly and fully to the proper officer and such officer incorrectly determines that such facts constitute a certain crime and proceeds to formulate the necessary papers to set on foot the prosecution the complaining party is not liable, since the fault is not his, but that of the officer." *Warren* v. *Flood,* 72 Mo. App. 199, 205. If the prosecuting officers of the State, who are appointed on account of their legal learning, consider that a given state of facts is sufficient evidence

of probable cause, to warrant a criminal prosecution, a private citizen should not be held in fault for acting upon such facts, or be condemned to pay damages in an action for malicious prosecution for so doing. *Laughlin* v. *Clawson,* 27 Pa. St. 328, 330. It has therefore been generally held that when one fully and fairly states all the material facts within his knowledge to the prosecuting attorney and in good faith abides by his decision as to whether they constitute probable cause for believing that a crime has been committed, no action will lie against him because of a prosecution resulting from the statement made by him to the prosecuting attorney. *Goodrich* v. *Warner,* 21 Conn. 432; *Price Mercantile Co.* v. *Cuilla,* 100 Ark. 316, 141 S. W. 194; *Dunlap* v. *New Zealand F. & M. Ins. Co.,* 109 Cal. 365, 42 Pac. 29; *Van Meter* v. *Bass,* 40 Colo. 78, 90 Pac. 637, 18 L. R. A. (N. S.) 49; *Hicks* v. *Brantley,* 102 Ga. 264, 29 S. E. 459; *Schippel* v. *Norton,* 38 Kan. 567, 16 Pac. 804; *Fletcher* v. *Chicago & Northwestern Ry. Co.,* 109 Mich. 363, 67 N. W. 330; *Gilbertson* v. *Fuller,* 40 Minn. 413, 42 N. W. 203; *Johnson* v. *Miller,* 69 Iowa, 562, 29 N. W. 743; *Calef* v. *Thomas,* 81 Ill. 478; *Simmons* v. *Gardner,* 46 Wash. 282, 89 Pac. 887, L. R. A. 1915D, 16; *Brinsley* v. *Schulz,* 124 Wis. 426, 102 N. W. 918; *Ambs* v. *Atchison, T. & St. F. Ry. Co.,* 114 Fed. 317; 4 Sutherland on Damages (4th Ed.) § 1240; 38 Corpus Juris, p. 431.

The undisputed facts in this case bring the defendant clearly within the rule. In reply to the inquiries of the prosecuting attorney who had summoned him to his office he related the facts substantially as they had been ascertained to be by the police officer. He was told by the prosecuting attorney that upon those facts there was a criminal remedy and he replied that he desired to press the criminal complaint. The responsibility for the plaintiff's arrest rested entirely

upon the prosecuting attorney who reached the conclusion that the facts given him by the defendant and the police officer warranted the issuing of a warrant for the plaintiff's arrest. The defendant is not responsible for any error in this conclusion which resulted in the arrest and prosecution of the plaintiff.

The trial court reached the conclusion that the warrant for the arrest of the plaintiff was issued with the intent to force him to pay for the awnings. If the main object of a prosecution is to compel the payment of a debt, or to secure any other private advantage, then, there being a want of due cause, the motive would be sufficient evidence of malice. *Thompson* v. *Beacon Valley Rubber Co.,* 56 Conn. 493, 16 Atl. 554. But the plaintiff, to recover, must prove both want of probable cause and malice. While malice may be inferred from the want of probable cause, proof of malice does not dispense with the necessity of proving want of probable cause. *Thompson* v. *Beacon Valley Rubber Co., supra,* 496. As we have seen, the defendant had probable cause for pressing the criminal complaint against the plaintiff.

There is error and the cause is remanded to the Superior Court with instruction to enter judgment in favor of the defendant.

In this opinion the other judges concurred.