[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action involves a claim for money damages arising out of a vexatious suit.
The evidence adduced at the present trial establishes the following: Albino Joaquim and Sharyn Graham (defendants) instituted suit against H.B. Associates, Incorporated (plaintiff) in a complaint dated May 28, 1987.
In that suit, the defendants claimed that they contracted with the plaintiff to perform an inspection of real estate that they were in the process of purchasing. The purpose of the inspection and report was to give to the defendants information as to the physical aspects of the property so as to aid the defendants in determining whether or not to purchase the property. Further, it was claimed by the defendants that the inspection failed to disclose that there was a serious water problem existing on the premises; and as a result, the defendants incurred a substantial monetary loss. However, the report prepared by the plaintiff referred to signs of seepage and dampness in the basement; and that there were sump pumps located in the basement and the garage.
Subsequent to the purchase of the property, the cellar became flooded and the defendants had to put in a sum pump to alleviate the water problem. Upon advice of counsel, a suit was commenced against the sellers of the property and the plaintiff; and during the time prior to the case being tried, the defendants, upon advice of counsel, refused to withdraw the case against the plaintiff. CT Page 2803
Thereafter, the matter was referred to the court, Healey, J.; and by memorandum of decision dated December 14, 1988, Healey, J. rendered a judgment in favor of the plaintiff. During the course of this trial, the defendants presented testimony through a construction company as to the problems with the property. The court concluded that the defendants had failed in their burden of proving that the plaintiff was in any way responsible for the damages which the defendants alleged that they had suffered.
Subsequently, the present action was instituted claiming that the first suit was commenced without probable cause and with a malicious intent unjustly to vex and trouble the plaintiff.
 A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a CT Page 2804 prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor. Calvo v. Bartolotta, 112 Conn. 396, 397, 152 A. 311; Schaefer v. O. K. Tool Co., 110 Conn. 528, 148 A. 330. Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. Paranto v. Ball, 132 Conn. 568, 571, 46 A.2d 6; McGann v. Allen, 105 Conn. 177, 186, 134 A. 810. Malice may be inferred from lack of probable cause. Zenick v. O'Brien, 137 Conn. 592, 596-97, 79 A.2d 769; Thompson v. Beacon Valley Rubber Co., 56 Conn. 493, 496, 16 A. 554. The want of probable cause, however, cannot be inferred from the fact that malice was proven. McGann v. Allen, supra, 187.
Vandersluis v. Weil, 176 Conn. 353, 356 (1978).
 The existence of probable cause is an absolute protection against an action for malicious prosecution, and what facts, and whether particular facts, constitute probable cause is always a question of law. Brodrib v. Doberstein, 107 Conn. 294, 296, 140 A. 483. And, as previously stated, want of probable cause may not be inferred from proof of malice. McGann v. Allen, supra, 187.
Vandersluis v. Weil, supra. 356.
 Advice of counsel is a complete defense to an action of. . . .vexatious suit when it is shown that the defendant. . .instituted his civil action relying in good faith on such advice, given after a full and fair statement of all facts within his knowledge, or which he was charged with knowing. The fact that the attorney's advice was unsound or erroneous will not affect the result. Brodrib v. Doberstein, 107 Conn. 294, 296, 140 A. 483; Smith v. King, 62 Conn. 515, 26 A. 1059. Vandersluis, v. Weil, supra 361.
The defendants were represented by counsel upon whose suggestion the first suit was instituted after an opinion was received from another construction company. There is no showing that the defendants did not make a full and fair statement of all the facts within their knowledge to counsel who determined that litigation was warranted.
On the facts presented from the evidence and the reasonable and logical conclusions to be drawn from said facts, the plaintiff has not sustained the burden of proof resting upon it that there was lack of probable cause and malice when the first suit was instituted. Further, the defendants commenced the first suit relying in good faith on the advice of counsel after a fair and accurate disclosure of the facts that they knew at that time.
Accordingly, judgment may enter for the defendants.
BYRNE, J. CT Page 2805