[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT MARY BOTTEILLER'S MOTION FOR SUMMARY JUDGMENT
On December 21, 1990, the plaintiff, Michael Martino, filed a two-count complaint against Mary Botteiller (defendant) and several others. The first count is directed against the defendant and her son and alleges that they maliciously and in reckless disregard of the truth made a raise complaint against CT Page 1727 the plaintiff to the police, that they knew the complaint was false and that it was likely to result in the arrest and prosecution of the plaintiff, that they made false statements which placed the plaintiff in a "bad light", that they knew that these statements were false and were made for the purpose of having the plaintiff arrested and placed in a bad light, and that they made false statements under oath which were designed to place the plaintiff in a bad light and for the purpose of bringing about the conviction of the plaintiff for a crime he did not commit.
Before the court is the defendant's motion for summary judgment on the first count of the complaint and on the defendant's second special defense. The second special defense alleges that "any and all statements made by the defendant under oath in connection with the incident referred to in the plaintiff's complaint are absolutely privileged." In support of her motion for summary judgment the defendant filed a memorandum of law and extensive documentary evidence. The memorandum of law was premised on a belief that the plaintiff was alleging a cause of action against her sounding in defamation. The plaintiff then filed his memorandum of law and supporting documents, and claimed in his memorandum that the action was one for malicious prosecution and not defamation.
The defendant then filed a reply memorandum treating the action as one for malicious prosecution, as claimed by the plaintiff, and relying on the same documentary evidence previously filed, claimed that she was entitled to summary judgment on the first count of the complaint which was the only count directed at her. It appears that the second special defense is only applicable in defense of a defamation action and therefore is not relevant with respect to a malicious prosecution claim.
A motion for summary judgment may be used to challenge the legal sufficiency of a pleading. Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971). Summary judgment shall be rendered "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805
(1987). "The party moving for summary judgment bears the burden CT Page 1728 of providing the absence of a dispute as to any material fact." (Citations omitted.) Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). The trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., 247, quoting Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982).
 "An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice. Zenik v. O'Brien, 137 Conn. 592, 595, 79 A.2d 769
(1951); Brodrib v. Doberstein, 107 Conn. 294, 296-98, 140 A. 483 (1928); McGann v. Allen, 105 Conn. 177, 185, 134 A. 810
(1926); 3 Restatement (Second), Torts (1977) 653; W. Prosser, Torts (4th Ed. 1971) 119. . . .
 The policy of encouraging private citizens to assist in law enforcement is vindicated, in the law of malicious prosecution, by providing a limited immunity in the form of the first element that the plaintiff must prove to maintain his cause of action. A private person can be said to have initiated a criminal proceeding if he has insisted that the plaintiff should be prosecuted, that is, if he has brought pressure of any kind to bear upon the public officer's decision to commence the prosecution. Fatone v. DeDomenico, 161 Conn. 576, 577, 290 A.2d 324 (1971); Zenik v. O'Brien, supra, 596. But a private person has not initiated a CT Page 1729 criminal proceeding if he has undertaken no more than to provide potentially incriminating information to a public officer. In such a case, if the defendant has made a full and truthful disclosure and has left the decision to prosecute entirely in the hands of the public officer, he cannot be held liable for malicious prosecution. [Citations omitted]."
McHale v. W.B.S. Corporation, 187 Conn. 444, 447, 448 (1982).
It is the defendant's claim that there is no genuine issue of fact in connection with the proof of the first element required to be proven in a malicious prosecution claim. In other words, the defendant claims that she has shown, through her documentary evidence, that there is no evidence from which the trier of fact could find that "the defendant initiated or procured the institution of criminal proceedings against the plaintiff." McHale v. W.B.S. Corporation, supra, 447.
The documentary evidence filed by both the plaintiff and the defendant shows that the defendant's son operated a motor vehicle repair garage, that the defendant worked at the garage keeping the books, that the plaintiff had occasion to come to the garage in connection with his motor vehicle, that an argument ensued in the office between the plaintiff and the son which the defendant observed, that the plaintiff and the son went outside where the argument continued, that the son called to the defendant and asked her to call the police, that the defendant called the police and told them to come because "a man was causing a disturbance", that the defendant never talked to the police, that the defendant was arrested on charges of Breach of Peace, Threatening and Interfering, and that the defendant was later acquitted.
The law is clear that in order to satisfy the element of initialing or procuring the arrest of the plaintiff, there must be evidence that the acts of the defendant were the determining factor in the officer's or prosecutor's decision to make an arrest. It is not sufficient to show that an act of the defendant caused the police officer to make an arrest, although in this case all the defendant did was cause the police to come to the premises. See Connecticut Law of Torts, Section 161, p. CT Page 1730 431; Restatement of Torts, Second, Section 653, p. 408.
In the opinion of the court the defendant has shown that there is no genuine issue of material fact with respect to one of the elements which it is necessary to prove in a malicious prosecution action. Accordingly, the motion is granted and summary judgment may enter in favor of the defendant Mary Botteiller on the first count of the complaint.
Hadden, J.