[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT OLIVER BOTTEILLER'S MOTION FOR SUMMARY JUDGMENT
The plaintiff initiated this action against the defendant Oliver Botteiller (defendant) and several other parties on December 21, 1990. The first count is directed at the defendant, and, according to the plaintiff's memorandum of law, the claim against the defendant sounds in malicious prosecution.
Before the court at this time is a motion for summary judgment filed by the defendant alleging that there is no genuine issue of fact in connection with the first element required to be proven in a malicious prosecution claim.
On February 16, 1993, this court filed a memorandum of decision granting a motion for summary judgment filed on behalf of defendant Mary Botteiller, which motion was essentially the same as the instant motion insofar as the principles of law are concerned. The balance of the memorandum will restate, to a large extent, the earlier memorandum.
A motion for summary judgment may be used to challenge the legal sufficiency of a pleading. Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971). Summary judgment shall be rendered "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805
(1987). "The party moving for summary judgment bears the burden of providing the absence of a dispute as to any material fact." (Citations omitted.) Nolan v. Borkowski, 206 Conn. 495, 500, CT Page 3070538 A.2d 1031 (1988). The trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). "`The test is whether party would be entitled to a directed verdict on the same facts.'" Id., 247, quoting Batick v. Seymour, 186 Conn. 632
647, 443 A.2d 471 (1982).
 "An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice. Zenik v. O'Brien, 137 Conn. 592, 595, 79 A.2d 769 (1951); Brodrib v. Doberstein, 107 Conn. 294, 296-98, 140 A. 483 (1928); McGann v. Allen, 105 Conn. 177, 185, 134 A. 810 (1926); 3 Restatement (Second), Torts (1977) 653; W. Prosser, Torts (4th Ed. 1971) 119. . . .
 The policy of encouraging private citizens to assist in law enforcement is vindicated, in the law of malicious prosecution, by providing a limited immunity in the form of the first element that the plaintiff must prove to maintain his cause or action. A private person can be said to have initiated a criminal proceeding if he has insisted that the plaintiff should be prosecuted, that is, if he has brought pressure of any kind to bear upon the public officer's decision to commence the prosecution. Fatone v. DeDomenico, 161 Conn. 576, 577, 290 A.2d 324 (1971); Zenik v. O'Brien, supra, 596. But a private person has not initiated a criminal proceeding if he has undertaken CT Page 3071 no more than to provide potentially incriminating information to a public officer. In such a case, if the defendant has made a full and truthful disclosure and has left the decision to prosecute entirely in the hands of the public officer, he cannot be held liable for malicious prosecution. [Citations omitted]."
McHale v. W.B.S. Corporation, 187 Conn. 444, 447, 44a (1982).
It is the defendant's claim that there is no genuine issue of fact in connection with the proof of the first element required to be proven in a malicious prosecution claim. In other words, the defendant claims that he has shown, through his documentary evidence, that there is no evidence from which the trier of fact could find that "the defendant initiated or procured the institution of criminal proceedings against the plaintiff." McHale v. W.B.S. Corporation, supra, 447.
The documentary evidence filed by both the plaintiff and the defendant shows that the defendant operated a motor vehicle repair garage, that the plaintiff had occasion to come to the garage in connection with his motor vehicle, that an argument ensued in the office between the plaintiff and the defendant, that the plaintiff and the defendant went outside where the argument continued, that the defendant called to his mother and asked her to call the police, that the mother called the police and told them to come because "a man was causing a disturbance", that the defendant never talked to the police, that the plaintiff was arrested on charges of Breach of Peace, Threatening and Interfering, and that the plaintiff was later acquitted on these charges.
According to his affidavit the factual evidence which the plaintiff claims raises a question of fact as to whether the defendant initiated or procured the arrest of the plaintiff, is as follows. Before the police arrived the defendant told his uncle, a retired Cheshire police officer, who had come across the street, that the plaintiff "had physically accosted him, that I had threatend [threatened] him with violence and threatened to do him bodily harm at some future date, and that I had engaged in various tumultuous and threatening conduct toward him and his mother, Mary, who was in the office." Although it appears that this CT Page 3072 assertion as to what the defendant allegedly said is somewhat inconsistent with the plaintiff's testimony at the criminal trial, for the purpose of ruling on the instant motion this court must accept the version of facts set forth in the plaintiff's affidavit. The affidavit then goes on to state that almost instantly the police arrived and he was arrested by the police who "acting on the instructions" of the uncle, "who was in turn clearly acting at the behest and in response to the false allegations made by the defendant" to his uncle. It appears that the statements allegedly made by the defendant to his uncle are the basis upon which the plaintiff concludes that the uncle was acting at the behest of the defendant.
The plaintiff's affidavit does not indicate where the defendant was when the police arrived, but the defendant has offered a portion of the plaintiff's sworn testimony at the criminal trial in support of the motion for summary judgment, and this testimony states that the defendant was approximately twenty feet from the police car and does not indicate any interplay, verbal or by gesture, between the police and the defendant. This testimony also indicates that the only activity at the scene by anyone, after the police arrived, was a "gesture" made by the uncle which the plaintiff interprets as the uncle telling the female police officer "[I]n other words, he told her to get him", followed by the arrest.
In the opinion of the court there is no evidence from which a trier of fact could find that the defendant initiated or procured the arrest of the plaintiff. The defendant has shown that there is no genuine issue of material fact with respect to one of the essential elements which must be proven in a malicious prosecution action. The motion is granted and summary judgment may enter in favor of the defendant Oliver Botteiller on the first count of the complaint.