[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The seventh count of the complaint is filed against eight defendants, individuals residing in Fairfield, who filed a remonstrance with the Department of Liquor Control (DLC) claiming that certain conduct by the plaintiff at his place of business, the Seagrape Cafe, was improper. The plaintiff had a care liquor permit for the subject property. The remonstrance caused the DLC to hold a hearing to determine whether the remonstrance and charges made by the defendants were valid and to determine whether the plaintiff's permit could be revoked or suspended. Basically, the DLC found the charges to be unsubstantiated, but instructed the plaintiff to take certain actions to reduce the noise level and avoid other existing or potential problems with the use of the premises. The defendants apparently concede that the plaintiff prevailed in the proceedings before the DLC. The seventh count of the complaint contends that the remonstrance and charges filed with the DLC were false, that there was no probable cause for filing them and that the defendants' action was malicious.
The defendants filed a previous motion for summary judgment to eliminate the malicious prosecution count from the complaint, which was denied by the court (Katz, J). The defendants have filed an eighth special defense to the seventh count of the complaint claiming that they have no liability for malicious prosecution since they merely brought information to the attention of the DLC without requesting it to take any specific actions and accepted the DLC's decision that no action would be taken against the plaintiff. Five of the eight individual defendants have now filed a motion for summary judgment claiming that they have no liability for statements made to the DLC since they (1) had a good faith belief that the statements were true, and (2) they made no request for action by the DLC.
A summary judgment may be granted under 384 of the Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354,364. To prove that there is no genuine issue as to any material CT Page 10889 fact, the moving party must show that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246, 247.
In ruling on a motion for summary judgment, the court applies to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts, Connelly v. Housing Authority, supra, 364. When ruling on a summary judgment, the court is limited to deciding whether an issue of fact exists but it cannot try that issue if it does exist. Gutierrez v. Thorne, 13 Conn. App. 493, 496; United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 377.
In a proper case, summary judgment may be granted where it is clear as a matter of law that a defendant's special defense bars one or more causes of action in a complaint, such as, for example, the defense of the statute of limitations. See Barnes v. Schlein, 192 Conn. 732, 738. For the defendants to be entitled to summary judgment on the seventh count of the complaint based on their eighth special defense, there must be no material issue of fact as to the actions of the defendants in their contact with the DLC. If there is no material, factual issue, they must prove that they are entitled to judgment under those facts as a matter of law, Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, namely, that they have a clear legal defense. In DeLaurentis v. New Haven,220 Conn. 225, 248-49, it was recognized that a claim of vexatious suit or malicious prosecution was not limited to a prior civil action or prior criminal complaint, but that it extends to an initiation, continuation or procurement of civil proceedings against another before an administrative board that has the power to take action adversely affecting the legally protecting interest of the other. Id., 248, citing Restatement (2nd) of Torts, 680. As stated in Vandersluis v. Weil, 176 Conn. 353, 356: "A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor."
The defendants rely upon the concept that a private citizen is not liable for malicious prosecution if he merely CT Page 10890 provides information to law enforcement authorities but does not insist that the plaintiff should be prosecuted. McHale v. W.B.S. Corp., 187 Conn. 444, 448. Where this concept applies, "When one fully and fairly states all the material facts within his knowledge to the prosecuting attorney and in good faith abides by his decision as to whether they constitute probable cause for believing that a crime has been committed, no action will lie against him because of a prosecution resulting from the statement made by him to the prosecuting attorney." Brodrib v. Doberstein, 107 Conn. 294,298; McHale v. W.B.S. Corp., supra, 448.
Among other things, a civil action differs from a criminal prosecution since a civil action is always brought by the complaining party, while criminal proceedings must be instituted by a state's attorney or prosecutor and cannot be brought by the complaining party. The final decision on whether or not to prosecute lies with the state's attorney alone, and the wishes of the complaining party or the public at large are not controlling.
An administrative proceeding, or at least some of them, fall within a middle ground between civil actions and criminal prosecutions, in that the administrative agency may be required by law to hold a hearing on the complaint and either make a decision on the merits or decide whether there is sufficient evidence, probable cause or some other standard for more extensive proceedings. An administrative agency generally has less discretion than criminal authorities, if it has any, in refusing to investigate the complaint or hold the hearing.
The defendants have identified no Connecticut cases, because there probably are none, or any decisions from other states which hold that the exception raised by them in malicious prosecution actions also governs complaints to administrative agencies for revocation of licenses and permits. Accordingly, the court cannot conclude, as a matter of law, that the legal concept relied upon by the defendants applies to applications or complaints to an administrative agency. Even if it did, it is not clear that the material facts upon which the defense is based are established. A prerequisite for the defense is that the complaining party "fully and fairly states all the material facts within his knowledge", Brodrib v. Doberstein, supra, 298.
The decision of the DLC itself, basically ruling for the plaintiff and finding most of the claims unestablished, at least puts in question whether the complainants fairly stated all CT Page 10891 material facts to the agency. Questions about motive, intent and good faith should not be resolved by summary judgment. Paine Webber Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712, 721; Multi-Service Contractors, Inc. v. Vernon, 193 Conn. 446, 451-52; Town Bank Trust Co. v. Benson, 176 Conn. 304, 309. Moreover, there is at least an inference and arguably a request for action by the DLC.
The defendants are not in a similar position to the disinterested citizen who, believing a crime may have been committed, reports it to law enforcement authorities. They had a direct and clear interest in using the DLC to take disciplinary action against the plaintiff, even if they had valid reasons for objecting on how the plaintiff's bar was operated.
On a motion for summary judgment, the court cannot determine the defendants' motive, intent and good faith, even where they make uncontradicted, self-serving statements in their affidavits. The eighth special defense may prove at trial to be a bar to the claims under the seventh count, but the merits of the defense cannot be resolved by summary judgment.
The motion is denied.
Bello, Lapine Cassone for plaintiff.
Donal C. Collimore for defendants.