[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The plaintiff D.R.S. Consultants has commenced an action against the defendant seeking to recover damages allegedly sustained in defending a lawsuit the defendant previously brought against the plaintiff. The plaintiff's one count complaint alleges a claim for vexatious litigation and claims that the defendant commenced and prosecuted the prior lawsuit CT Page 8211 without probable cause and with a malicious intent to unjustly vex and trouble the plaintiff.
The defendant, John Loforese, has filed a motion for summary judgment claiming that there is no genuine issue of material fact and that, as a matter of law, the defendant, Loforese, had probable cause to commence the prior lawsuit against D.R.S. Consultants. The fact that the defendant, Loforese, did not prevail in the prior action against D.R.S. Consultants does not demonstrate that he did not have reasonable grounds to commence the prior legal action.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski 206 Conn. 495,500 (1988). The moving party, in this case the defendant, has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party, the plaintiff, must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v.Dickmont Plastics Corp. 229 Conn. 99 (1994).
To establish a vexatious suit, it is necessary to prove want of probable cause, malice and termination of a prior suit in favor of the present plaintiff. Vandersluis v. Weil, 176 Conn. 353, 356 (1978). Probable cause is the knowledge of facts sufficient to justify a reasonable person in the belief that there are reasonable grounds for prosecuting an action. Id. at 356. Malice may be inferred from lack of probable cause. Id. at 356. "The existence of probable cause is an absolute protection against an action for vexatious litigation, and what facts, and whether particular facts constitute probable cause is always a question of law." Brodrib v. Doberstein, 107 Conn. 294, 296; Vandersluisv. Weil, supra, 356.
In the previous action between the parties, the trial court never made a determination of probable cause. Ancona v. Manafort Bros., Inc.,56 Conn. App. 701 (2000). Therefore, a genuine issue of fact exists as to whether or not the defendant, Loforese, had probable cause to commence the prior action against D.R.S. Consultants, Inc. The court agrees with the plaintiff in the instant case, that an evaluation of probable cause can only be made after all of the evidence has been produced at trial. CT Page 8212
An issue of material fact exists as to the existence of probable cause in the prior case between the parties.
Accordingly, the defendant Loforese's motion for summary judgment is hereby denied.
The Court
 By ___________________ Arnold, J.